In re William E. BRAYSHAW, Debtor.

H. Christopher CLARK,
Trustee–Appellant,

v.

William E. BRAYSHAW,
Debtor–Appellee.

No. 90–1061.

United States Court of Appeals,
Tenth Circuit.

Aug. 31, 1990.

---

Paul G. Quinn, Denver, Colo., for trustee-appellant.

Paul D. Rubner and Larry A. Sigman of Rubner & Kutner, Denver, Colo., for debtor-appellee.

Before LOGAN, SEYMOUR and TACHA, Circuit Judges.

LOGAN, Circuit Judge.

H. Christopher Clark, the trustee in this Chapter 7 bankruptcy proceeding, appeals the district court's order that reversed an extension of time the bankruptcy court granted the trustee to file objections to exemptions claimed by the debtor, William E. Brayshaw.[1]  110 B.R. 935.

Debtor filed his bankruptcy petition on May 10, 1989, claiming exempt property, pursuant to 11 U.S.C. § 522(l). Under that section, property claimed as exempt automatically becomes exempt unless a party objects. Fed.R.Bankr.P. 4003(b) provides that objections must be filed within thirty days after the meeting of creditors, "unless, within such period, further time is granted by the court." The trustee here filed a motion to extend the time for objec-

tions within the thirty-day period, actually on the thirtieth day after the creditor's meeting, and the bankruptcy court granted the motion after its expiration. The district court granted the debtor leave to take an interlocutory appeal under 28 U.S.C. § 158(a) and reversed the bankruptcy court's extension order.

There are two issues on this appeal: (1) whether the district court's order is an appealable final order; and (2) whether the bankruptcy court had power to grant a motion to extend time for objections under Rule 4003(b) after expiration of the designated thirty-day time period, provided the motion was filed within the period.

I

We have jurisdiction in bankruptcy cases only over final orders of district courts when they have exercised appellate jurisdiction. See 28 U.S.C. § 158(d); *Kaiser Steel Corp. v. Frates (In re Kaiser Steel Corp.)*, 911 F.2d 380, 386 (10th Cir. 1990). "Grant or denial of a claimed exemption is a final appealable order from a bankruptcy proceeding." *Sumy v. Schlossberg (In re Sumy)*, 777 F.2d 921, 923 (4th Cir.1985) (citing *White v. White (In re White)*, 727 F.2d 884, 885–86 (9th Cir.1984)). Although the bankruptcy court order extending the time for objections did not finally dispose of the status of the debtor's exemptions, the district court's reversal of that order had the effect of granting the debtor's claimed exemptions and, therefore, is a final appealable order.

II

Rule 4003(b) provides that "[t]he trustee ... may file objections to the list of property claimed as exempt within 30 days after the conclusion of the meeting of creditors ... unless, *within such period*, further time is *granted* by the court." (Emphasis added). Rule 9006(b) allows enlargement of time periods, but specifically provides that "[t]he court may enlarge the time for taking action under Rule[ ] ...

---

**1.** After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R. App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

4003(b) … only to the extent stated in [that] rule[ ]." Fed.R.Bankr.P. 9006(b)(3). The Rules are quite clear on their face, we believe, that a bankruptcy court can extend the period for objections to exemptions only by acting within the original time period. *See* 8 *Collier on Bankruptcy* ¶ 4003.04[1], at 4003–10 (L. King 15th ed. 1990). There simply is no room in the wording for construing Rule 4003(b) or Rule 9006(b) to permit granting an extension of time to file objections outside the original thirty-day time limit. We recognize that this may cause problems for many bankruptcy courts with crowded dockets or when the motion has been filed, as here, on the last day. But that is a matter for the drafters of the bankruptcy rules, who appear to have thought precise time limitations were important in the situation presented here. We hold that the bankruptcy court was without power to grant the trustee's motion for an extension once the original period expired.

AFFIRMED.