**In re John R. NAPIER, Jr.**

**BUILDERS SUPPLY COMPANY OF HATTIESBURG, INC., plaintiff,**

v.

**John R. NAPIER, Jr.**

**Bankruptcy No. 9107457HEG.**

United States Bankruptcy Court, S.D. Mississippi.

Nov. 15, 1991.

Douglas F. Montague, III, Hattiesburg, Miss., for plaintiff.

Penny J. Alexander, Petal, Miss., for debtor.

## OPINION

EDWARD R. GAINES, Bankruptcy Judge.

Before the Court for consideration is the Objection to Claim of Exempt Property filed by Builders Supply Company. The issue before the Court is whether or not the objection is time-barred due to the failure of Builders Supply Company to file said objection timely pursuant to Bankruptcy Rules 9006(b)(1) and (b)(3) and 4003(b). The parties have submitted this issue to the Court upon memoranda without any hearing or oral argument. Having reviewed the pleadings, memoranda of counsel for the parties, and additional law not cited in said memoranda, the Court finds that the objection of Builders Supply Company was not filed timely and should be denied.

## I. FACTS

The debtor filed for relief pursuant to Chapter 7 of the Bankruptcy Code on February 27, 1991. The first meeting of creditors pursuant to § 341(a) of the Bankruptcy Code was first duly scheduled for April 5, 1991. Builders Supply Company did not appear at said meeting. In the original schedules filed by the debtor various items of personal property and real property were claimed as exempt to the extent of $11,102.00.

Builders Supply Company filed its objection to the claim of said exempt property on June 5, 1991, which date was sixty-one (61) days after the date first scheduled for the meeting of creditors.

## II. LAW

Bankruptcy Rule 4003 deals with the claim of exemptions by a debtor and objections thereto by the trustee or any creditor. Bankruptcy Rule 9006(b) deals with enlargement of the time constraints set forth under Bankruptcy Rule 4003.

There is a split in authority as to whether a debtor may claim property as exempt where an objection is filed outside the thirty day deadline set by Bankruptcy Rule 4003. The recent case of *Taylor v. Freeland & Kronz,* 938 F.2d 420 (3rd Cir.1991), *petition for cert. filed,* — U.S. ——, 112 S.Ct. 632, 116 L.Ed.2d 602 (1991), contains a thorough discussion of this issue and the three different approaches taken by various courts on this question. The first approach is the "literal approach" whereby a court will not examine the merits of a claimed exemption if an objection thereto is not filed within the strict time constraints set forth by the aforesaid bankruptcy rules. The second approach holds that an objection is not necessary if the debtors claimed exemption is invalid under § 522(b) of the Bankruptcy Code. The third approach, a middle ground in this split in authority, holds that a Court should exam-

ine a claimed exemption, even when no timely objection has been filed, to determine if there exists a good-faith statutory exemption. As set forth in the *Kronz* case cited above, the Third Circuit Court of Appeals adopted the first or literal approach holding that if no objection is filed within 30 days after the first meeting of creditors, and no enlargement of time to file an objection pursuant to Bankruptcy Rule 9006 has been sought by the trustee or creditor, the property claimed as exempt is exempt. The Tenth Circuit Court of Appeals also adopted the strict or literal approach on this issue. See *In re Brayshaw*, 912 F.2d 1255 (10th Cir.1990).

The Fifth Circuit Court of Appeals in the case of *Neeley v. Murchison*, 815 F.2d 345 (5th Cir.1987), applied the strict approach toward deadlines for dischargeability complaints. The Court stated that Rule 9006(b)(3), the same rule which is applicable for enlargements of time for objections to claimed exemptions under Bankruptcy Rule 4003(b), explicitly excepts Bankruptcy Rule 4007 from the excusable neglect standard, permitting time enlargement only to the extent and under the conditions stated in Bankruptcy Rule 4007. In *Neeley*, the Fifth Circuit held that an objection to dischargeability was time-barred even when the clerk's office had informed the creditor that no deadline had been set. This reflects the Fifth Circuit's propensity for strict adherence to deadlines under the Bankruptcy Rules.

Although not elaborating these issues, the Fifth Circuit in the case of *In re Kolstad*, 928 F.2d 171 (5th Cir.1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 419, 116 L.Ed.2d 439 (1991) referenced Bankruptcy Rule 9006(b) in stating that a creditor who fails to file its proof of claim before the bar date, and who fails timely to request an extension of time so to file, may not file a late claim and participate in the voting or distribution from the debtor's estate. The Fifth Circuit stated that the consequences for missing various bankruptcy deadlines are severe and also held that the deadlines have a purpose, to-wit: to enable a debtor and his creditors to know what parties are making claims against the estate, etc.

Builder Supply Company cited *In re Young*, 806 F.2d 1303 (5th Cir.1987) as supporting authority for its position on this question. Since the *Neeley* and *Kolstad* decisions were rendered by the Fifth Circuit subsequent to *Young*, this Court is of the opinion that the Fifth Circuit would apply the literal or strict approach which would bar the objection to claim of exempt property filed by Builders Supply Company herein.

## III. CONCLUSION

While these guillotine-deadlines are harsh and often unjustifiable in the opinion of this Court, changes in the law are in the exclusive province of Congress and not bankruptcy judges.

Based on the foregoing, this Court concludes that the Objection to Claim of Exempt Property filed by Builders Supply Company is time-barred and should be overruled.

An order shall be entered consistent with these findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 58 and Bankruptcy Rule 9021.