Lawrence W. STOULIG, Jr., et al.

v.

Cynthia Lee TRAINA.

Civ. A. No. 94–1468.

United States District Court,
E.D. Louisiana.

June 24, 1994.

Robert G. Stassi, Chehardy, Sherman, Ellis, Breslin & Murray, Metairie, LA, for appellants.

Claude C. Lightfoot, Jr., Metairie, LA, for appellee.

*ORDER AND REASONS*

FELDMAN, District Judge.

Lawrence W. Stoulig and Adine Gray Stoulig appeal from a decision by the bankruptcy court to extend the trustee's time to file objections to exemptions after the 30–day period prescribed by Rule 4003(b) had expired. For the reasons that follow, the decision of the bankruptcy court is REVERSED.

I. *Background*

The facts of this case are straightforward. Lawrence W. Stoulig, Jr. and Adine Gray Stoulig voluntarily filed for Chapter 7 relief

on December 3, 1993. Cynthia Lee Traina was appointed interim trustee on December 9, 1993.

On January 13, 1994, the § 341 meeting of creditors[1] was held.[2] Both before and after the meeting, the Stouligs furnished Traina with all requested information regarding the Stouligs' claimed exemptions. Nevertheless, Traina was unable to determine whether all of her objections to the Stouligs' exemptions had been made. As a result, Traina moved to extend the deadline for filing objections on February 10, 1994, two days before the 30-day period prescribed by Rule 4003(b) expired.[3] The bankruptcy judge failed to rule on the motion before the 30-day period expired, and on March 30, 1994 the Stouligs filed an opposition to Traina's motion to extend the deadline. They urged that the bankruptcy judge did not have jurisdiction to grant the extension because the critical 30-day period had elapsed.

The bankruptcy judge thereafter held a hearing on Traina's motion (on April 6, 1994). On April 8, 1994, almost two months after the 30-day period had expired, the court granted Traina's motion to extend the deadline for filing objections to exemptions. This appeal followed, and this Court reverses.

## II. *Law and Application*

■ The Court is presented with an issue of first impression in the Fifth Circuit: Does a bankruptcy court's failure to rule on a timely filed Rule 4003(b) motion divest the bankruptcy court of jurisdiction to grant an extension of time after the Rule's 30-day period provided expires? The Court holds that a bankruptcy judge is without jurisdiction to grant an extension of time to file objections to exemptions after the 30-day period prescribed by Rule 4003(b) has lapsed. This conclusion comports well with the Supreme Court's reading of Bankruptcy Rule 4003(b), the Fifth Circuit's interpretation of time limitations within the bankruptcy rules generally, and the text and underlying purpose of Rule 4003(b).

### A. *The Purpose of Bankruptcy Rule 4003(b)*

■ The Court begins with a brief discussion of the role Rule 4003(b) plays in the scheme of bankruptcy proceedings. Once a debtor has initiated a bankruptcy proceeding, the property in which the debtor has a legal or equitable interest becomes part of the bankrupt estate. 11 U.S.C. § 541; *In re Young*, 806 F.2d 1303, 1305 (5th Cir.1986). At that time, the debtor may try to exempt eligible property from the estate. 11 U.S.C. § 522(*l*); *In re McManus*, 681 F.2d 353, 354 (5th Cir.1982).[4] Within a reasonable time after a bankrupt estate is established, a meeting of creditors is mandated. 11 U.S.C. § 341(a). At the conclusion of that meeting, creditors have 30 days within which to object to the debtor's claim for exemptions. This 30-day time period is described in Rule 4003(b), which provides in part:

> filing of any amendment to the list or supplemental schedules unless, within such period, further time is granted by the court. Copies of the objections shall be delivered or mailed to the trustee and to the person filing the list and the attorney for such person.

1. Section 341(a) of the Bankruptcy Code provides: "Within a reasonable time after the order for relief in a case under this title, the United States trustee shall convene and preside at a meeting of creditors."

2. Traina argues that at the meeting of creditors, Traina put the Stouligs on notice of her objections to some of the Stouligs' exemptions. However, Traina did not designate the transcript of the creditor meeting as part of the record on appeal. This Court is therefore foreclosed from considering that claim. Bankr.R. 8006; *Ichinose v. Homer Nat'l Bank*, 946 F.2d 1169, 1173-74 (5th Cir.1991).

3. Rule 4003(b) provides:

   The trustee or any creditor may file objections to the list of property claimed as exempt within 30 days after the conclusion of the meeting of creditors held pursuant to Rule 2003(a) or the

4. The reason for exempting property from a bankrupt estate was expressed long ago in *In re Mattingly*, 42 F.Supp. 83 (W.D.Ky.1941), where the court stated:

   [T]he real purpose and intent of the exemption laws ... are to save for the debtor from his financial wreck a certain amount of necessary property which will enable him to keep himself and family from actual want while attempting a new start in life. Exemption laws are essentially for the benefit of the debtor....

   *Id.* at 84; *see also In re Darke*, 18 B.R. 510, 512 (Bankr.E.D.Mich.1982).

The trustee or any creditor may file objections to the list of property claimed as exempt within 30 days after the conclusion of the meeting of creditors ... unless, *within such period, further time is granted by the court.*

(Emphasis added.) [5] The 30–day period is new [6] and advances the general purpose of the bankruptcy laws, which is to "quickly and effectively ... settle bankrupt estates." *In re Robintech, Inc.*, 863 F.2d 393, 397–98 (5th Cir.), *cert. denied sub nom., Bullock v. Oppenheim, Appel, Dixon & Co.*, 493 U.S. 811, 110 S.Ct. 55, 107 L.Ed.2d 24 (1989) (citing *Katchen v. Landy*, 382 U.S. 323, 328, 86 S.Ct. 467, 471, 15 L.Ed.2d 391 (1966)). Thus, Rule 4003(b) reflects a Congressional attempt to strike a proper balance between providing trustees and creditors with an opportunity to object to any exemptions they feel are contrary to their interests, while at the same time assuring the debtor of some sense of finality.

### B. *The Merits of the Stouligs' Appeal*

The Stouligs assert that because the bankruptcy judge did not rule on Traina's motion for an extension of time within the 30–day period prescribed by Rule 4003(b), the court was without jurisdiction to grant the motion. The Court agrees.

■ As a preliminary matter, the Court notes that Congress has substantially overhauled the bankruptcy system in recent years, prompting the Supreme Court to caution that "where ... the [bankruptcy] statute's language is plain, 'the sole function of the courts is to enforce it according to its terms.'" *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989) (quoting *Caminetti v. United States*, 242 U.S. 470, 485, 37 S.Ct. 192, 194, 61 L.Ed. 442 (1917)). The Rule's terms are clear.

Case law interpreting Rule 4003(b) has primarily dealt with the question whether a trustee who fails to timely object within the 30–day period is entitled to file a late objection to exemptions. Prior to 1992, courts had followed various different approaches. Some courts had taken a literal approach and refused to consider any objections filed after the 30–day period prescribed in Rule 4003(b). *See, e.g., In re Bradlow*, 119 B.R. 330, 331 (Bankr.S.D.Fla.1990); *In re Grossman*, 80 B.R. 311, 313 (Bankr.E.D.Pa.1987); *In re Payton*, 73 B.R. 31, 33 (Bankr.W.D.Tex. 1987). Other courts have examined objections submitted after the 30–day period to determine whether a "good-faith statutory basis" existed for the exemption. *See, e.g., In re Peterson*, 920 F.2d 1389, 1392–95 (8th Cir.1990); *In re Dembs*, 757 F.2d 777, 780 (6th Cir.1985). This approach to Rule 4003(b) was based on so-called "equitable considerations." *See, e.g., In re Peterson*, 920 F.2d at 1393–95.

More recently, the Supreme Court has made its views rather explicit. Equitable considerations no longer seem to have a place in a Rule 4003(b) analysis after *Taylor v. Freeland & Kronz*, —— U.S. ——, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992). There, the Supreme Court opted for the literal approach and held that bankruptcy courts cannot review the propriety of objections to exemptions after the 30–day period of Rule 4003(b) has expired, regardless of the reasons for failing to act within the 30–day period. *Id.* at ——, 112 S.Ct. at 1648. The Court believed that "[d]eadlines may lead to unwelcome results, but they prompt parties to act and they produce finality." *Id.* This view also comports with the plain text of the Rule, which this Court does not feel at liberty to extend.

In addition to the Supreme Court's recent interpretation of Rule 4003(b), two sister jurisdictions have addressed the precise question presented in this case. In *In re Brayshaw*, 912 F.2d 1255 (10th Cir.1990), the trustee timely filed a 4003(b) motion, but on the thirtieth day after the creditor's meeting.

---

**5.** The "excusable neglect" remedy provided in Rule 9006(b) does not apply to untimely filed Rule 4003(b) motions. Bankr.R. 9006(b)(3).

**6.** Rule 403, which predated Rule 4003, allowed only 15 days in which to grant an extension.

When Congress changed the rule, and most recently in 1991 when the rule was amended, Congress did not change the requirement that the bankruptcy judge must rule on a motion for an extension within a specific time period.

*Id.* at 1256.[7] The bankruptcy court granted the extension after the 30–day period expired. *Id.* The Tenth Circuit reversed, holding that "[t]he Rules are quite clear on their face ... that a bankruptcy court can extend the period for objections to exemptions only by acting within the original time period." *Id.* at 1257; *accord* Rule 4003(b), Editor's Comment (1983); 8 *Collier on Bankruptcy* ¶ 4003.04, at 4003–12 (15th ed. 1994). The *Brayshaw* court, although sensitive to the impact a literal reading of Rule 4003(b) would have on bankruptcy courts, looked no further than the plain meaning of the Rule, as this Court feels bound to do:

> We recognize that this may cause problems for many bankruptcy courts with crowded dockets or when the motion has been filed, as here, on the last day. But that is a matter for the drafters of the bankruptcy rules, who appear to have thought precise time limitations were important in the situation presented here.

912 F.2d at 1257.

Traina relies heavily on *In re Williams,* 124 B.R. 864 (Bankr.N.D.Fla.1991), in which one bankruptcy court came to a different conclusion. There, the trustee moved for an extension of time the day before the 30–day period expired. *Id.* at 865. The bankruptcy judge granted the motion just four days after the 30–day period lapsed. *Id.* The debtor moved to vacate the bankruptcy court's decision to grant the extension, but the bankruptcy court rejected the debtor's argument. *Id.* at 865–66. The *Williams* court declined to follow a strict construction or literal reading of Rule 4003(b), as did the *Brayshaw* court, *id.* at 865, and concluded instead:

> [A]n interpretation that BR 4003(d) [sic] requires the bankruptcy court to act before the 30th day after the meeting of creditors would be impractical and could lead to numerous unnecessary filings of motions for extensions of time. Rather than being pressured for a quicker and less thorough examination of the debtors [sic] claimed exemptions, trustees will merely file a request for an extension of time the day after the meeting of creditors to avoid the risk of a heavily burdened court not ruling on their otherwise timely filed motion.

*Id.* at 866. The logic of *Williams* is admirable and beyond dispute, but its normative interpretation of the Rule clashes directly with the statement made by the Rule itself.

The Court, therefore, declines to adopt the *Williams* result and finds the reasoning in *Brayshaw* more consistent with the Supreme Court's decision in *Taylor* and with the Fifth Circuit's approach to interpreting time limitations in other bankruptcy rules whose language is clear.[8] In *Taylor,* the Supreme

---

7. Contrary to Traina's assertion, the trustee in *Brayshaw* timely filed a request for an extension within the 30–day period. 912 F.2d at 1256.

8. Besides ignoring the textual mandate of Rule 4003(b), the reasoning of the *Williams* decision seems flawed. The *Williams* court relied on *In re Southwest Aircraft Servs., Inc.,* 831 F.2d 848 (9th Cir.1987), *cert. denied,* 487 U.S. 1206, 108 S.Ct. 2848, 101 L.Ed.2d 885 (1988), where the Ninth Circuit held that a literal reading of § 365(d)(4) of the Bankruptcy Code (setting a 60–day time period within which the bankruptcy judge could extend the deadline for bankrupt lessees to assume or reject their leases) "would produce arbitrary and fortuitous results." 831 F.2d at 852; *see also In re Am. Healthcare Management, Inc.,* 900 F.2d 827, 830–31 n. 2 (5th Cir.1990) ("we ... express no opinion as to whether the [§ 365(d)(4)] motion must be filed *and* ruled upon prior to the expiration of the sixty-day period...." (emphasis in original)). However, the conclusion in *Southwest Aircraft* was premised on the fact that "the meaning of the words of section 365(d)(4) is not entirely clear." *Id.* at 849. By contrast, the Supreme Court has specifically ruled that the language of Rule 4003(b) is plain and that the Rule should therefore be applied on its plain terms. *Taylor,* —— U.S. at ——– ——, 112 S.Ct. at 1647–48. Therefore, *Southwest Aircraft* is not authority for the proposition that Rule 4003(b) should not be given its plain meaning. The *Williams* court also relied on decisions which refused to read literally the former version of Federal Rule of Criminal Procedure 35 (giving district courts 120 days within which to reduce a sentence). 124 B.R. at 866; *see also Southwest Aircraft,* 831 F.2d at 851 n. 3 (cases cited therein). The Court fails to see the applicability of judicial interpretations of the rules of criminal procedure to the bankruptcy rules, especially in light of the Supreme Court's recognition of Congress' substantial involvement in restructuring the bankruptcy system. *See, e.g., United States v. Ron Pair Enters., Inc.,* 489 U.S. at 241, 109 S.Ct. at 1030.

Traina also relies on *In re Young,* 806 F.2d 1303 (5th Cir.1987), for the proposition that the Fifth Circuit does not read Rule 4003(b) literally. This Court declines to follow *Young* in light of

Court believed that the language of Rule 4003(b) is unambiguous, ── U.S. at ────── ──, 112 S.Ct. at 1647–48, and this Court not only agrees but is bound by that determination. Moreover, the Fifth Circuit has taken a similar approach when interpreting time limitations provided by other bankruptcy rules that are unambiguous. *See, e.g., In re Kolstad,* 928 F.2d 171, 173–75 (5th Cir.), *cert. denied,* ── U.S. ────, 112 S.Ct. 419, 116 L.Ed.2d 439 (1991) (Rule 3004); *In re McGuirt,* 879 F.2d 182, 183–84 (5th Cir.1989) (Rule 4007(c)); *In re Robintech, Inc.,* 863 F.2d at 395–98 (Rule 9006(f)); *Neeley v. Murchison,* 815 F.2d 345, 346–47 (5th Cir. 1987) (Rule 4007(c)).

Traina argues that this case presents a fundamentally different question than other Rule 4003(b) cases because the bankruptcy judge, rather than the trustee, did not act within the 30–day time period. The trustee advances a distinction without a difference: Rule 4003(b) plainly states that an extension of time for filing objections to exemptions must be granted "within [the 30–day] period." That the bankruptcy judge, rather than the trustee, failed to act within the time prescribed by Rule 4003(b) seems wide of the mark; the Rule mandates that bankruptcy judges must act within the 30–day period.

■ A contrary conclusion, like *Williams,* would undermine the purpose of Rule 4003(b). The bankruptcy rules should be interpreted to effectuate the mandate Congress announced. *See, e.g., Philbrook v. Glodgett,* 421 U.S. 707, 713, 95 S.Ct. 1893, 1898, 44 L.Ed.2d 525 (1975); *In re Am. Healthcare Management, Inc.,* 900 F.2d at 830; *In re Southwest Aircraft Servs., Inc.,* 831 F.2d at 849. The 30–day time period in Rule 4003(b) was designed to provide some finality for debtors. If this Court were to ignore the 30–day time limitation of Rule 4003(b), debtors would remain suspended in limbo awaiting action by the trustee or creditors to file objections to the debtor's claim for exemptions. Such a result would contravene the well-established principle that bankruptcy proceedings in general and Rule 4003(b) in particular are designed to efficiently settle bankrupt estates. *In re Robintech, Inc.,* 863 F.2d at 397–98.

The Court recognizes that Rule 4003(b) imposes a burden on bankruptcy courts. *See, e.g., In re Napier,* 134 B.R. at 2. But assuming, without deciding, that the trustee's fears are well-founded, this Court is simply not at liberty to adopt an interpretation of Rule 4003(b) which is based on a free-wheeling policy judgment about the type of behavior Rule 4003(b) ought to encourage or discourage. *See, e.g., Taylor,* ── U.S. at ────── ──, 112 S.Ct. at 1648–49; *In re Brayshaw,* 912 F.2d at 1257; *In re Napier,* 134 B.R. at 2. That task is reserved for the drafters of the bankruptcy rules.

## CONCLUSION

For the foregoing reasons, the decision of the bankruptcy court is REVERSED and this case is REMANDED for further orders that comport with this Order and Reasons.[9]

---

the Supreme Court's decision in *Taylor* and the Fifth Circuit's recent decisions in *Kolstad, McGuirt, Robintech,* and *Neely. See, e.g., In re Napier,* 134 B.R. 1, 1–2 (Bankr.S.D.Miss.1991) (*Neeley* and *Kolstad* indicate that the Fifth Circuit is inclined to take a literal approach to interpreting the bankruptcy rules).

9. This Court's standard of review is well-settled. District courts will set aside findings of fact only for clear error. Bankr.R. 8013; *In re Missionary Baptist Foundation of America,* 818 F.2d 1135 (5th Cir.1987). Clear error exists if the reviewing court is left with a firm conviction that a mistake has been committed. *United States v. United States Gypsum Co.,* 333 U.S. 364, 365, 68 S.Ct. 525, 526, 92 L.Ed. 746 (1948). Conclusions of law, however, are reviewed by this Court *de novo. Matter of Perez,* 954 F.2d 1026, 1027 (5th Cir.1992).