**In re Michael M. McCORMACK, Rosemarie M. McCormack, Debtors.**

**Bankruptcy No. 99–33702.**

United States Bankruptcy Court, D. Connecticut.

Jan. 31, 2000.

Edward P. Jurkiewicz, Gaide & Associ-
ates LLC, Avon, Connecticut, for movant.

Patrick W. Boatman, Boatman, Boscarino, Grasso & Twachtman, Glastonbury, Connecticut, for debtors.

## MEMORANDUM OF DECISION ON MOTIONS FOR EXTENSION OF TIME

ALBERT S. DABROWSKI, Bankruptcy Judge.

### I. INTRODUCTION

These contested matters call upon the Court to determine, under rather unusual circumstances, if a creditor has forfeited by the passage of time the right to object to the Debtors' entitlement to exemptions in certain property and a discharge of debts. For the reasons discussed herein, the Court shall permit the Movant to prosecute an objection to discharge/dischargeability, but not an objection to exemptions.

### II. JURISDICTION

The United States District Court for the District of Connecticut has jurisdiction over the instant contested matter by virtue of 28 U.S.C. § 1334(b); and this Court derives its authority to hear and determine this matter on reference from the District Court pursuant to 28 U.S.C. §§ 157(a), (b)(1). This matter is a "core proceeding" pursuant to 28 U.S.C. §§ 157(b)(2)(B), (J) and (O).

### III. FACTUAL BACKGROUND

The Court finds the following material facts from (i) its judicial notice and review of the official public record of this case and (ii) the uncontested presentation of facts made by counsel at the hearing of these matters on January 5, 2000.

The instant bankruptcy case was commenced by the filing of the Debtors' joint voluntary petition on August 23, 1999. Relief thereon was simultaneously ordered by this Court. Filed with the petition was a list of property claimed exempt pursuant to 11 U.S.C. § 522(*l*). *See* Schedule C. A meeting of creditors pursuant to 11 U.S.C. § 341(a) and Federal Rule of Bankruptcy Procedure 2003(a) was held and concluded on September 21, 1999. Thus the "deadline" for exemption determinations pursuant to Fed.R.Bank.P. 4003 was October 21, 1999 (hereafter, the "Exemption Determination Date"). On October 19, 1999, the Movant—D.A.N. Joint Venture, A Limited Partnership (hereafter, "DAN")—a creditor of the Debtors—filed a "Motion for Extension of Time to Object to Claim of Exemptions" (Doc. I.D. No. 13) (hereafter, the "Exemption Extension Request"), requesting an extension of "the bar date by which it must file an objection to the claim of exemptions of the ... debtors to December 20, 1999."

In this case, the deadline for the filing of complaints objecting to (i) the Debtors' discharge—pursuant to 11 U.S.C. § 727 and Fed.R.Bank.P. 4004—or, (ii) the dischargeability of individual debts—pursuant to 11 U.S.C. § 523 and Fed.R.Bank.P. 4007—was November 22, 1999 (hereafter, the "Deadline"). On October 19, 1999, DAN filed a "Motion for Extension of Time to Object to Discharge or Determine Dischargeability of Debts" (Doc. I.D. No. 10) (hereafter, the "Discharge Extension Request", and collectively with the Exemption Extension Request, the "Extension Requests"), requesting an extension of "the bar date by which it must file its complaint objecting to discharge of the ... debtors or to determine the dischargeability of certain of their respective debts to December 20, 1999."

The facts alleged by DAN to justify the Extension Requests include the following chronology: (i) that on September 10, 1999, counsel for DAN wrote to Attorney Martha Rainey—then counsel to the Debtors—requesting dates and times when the Debtors could attend and testify at an examination held pursuant to Bankruptcy Rule 2004; (ii) that having received no response to his September 10 correspondence, DAN's counsel wrote to Attorney Rainey on September 28, 1999, again seeking to establish a voluntary timetable for

Rule 2004 discovery; (iii) that thereafter, through telephone contact with a partner in Attorney Rainey's law office, DAN's counsel learned that Attorney Rainey had apparently left that firm, and the practice of law; and (iv) that no counsel other than Attorney Rainey had then filed an appearance in this case, or otherwise indicated a willingness to provide representation, on behalf of the Debtors.

On October 29, 1999, subsequent to DAN's filing of the Extension Requests, Attorney Patrick Boatman filed an appearance on behalf of the Debtors. On November 5, 1999, the Debtors, by and through Attorney Boatman, filed written Objections (Doc. I.D. Nos. 18 and 19) (hereafter, the "Extension Objections") to DAN's Extension Requests. The Extension Objections were premised upon (i) an alleged lack of diligence in obtaining discovery necessary to the decision of whether to object to exemption claims and/or to commence discharge/dischargeability litigation and (ii) an alleged failure of "lawful service" on the Debtors (service upon Attorney Rainey only).

On or about November 9, 1999, DAN's counsel wrote to Attorney Boatman, again requesting available dates for a Rule 2004 examination of the Debtors, and forwarding a "draft" Request for Production which provided the Debtors with notice of the documents which DAN would be seeking in aid of said examination.

DAN's attorneys opted to file and prosecute the Extension Requests pursuant to this Court's "Bar Date Procedure". Under that Procedure a movant may avoid the necessity of appearing in court to receive an order on its motion, provided that no written objection has been filed by a "bar date" stated in a notice served by the movant upon all persons entitled to notice. If an objection is filed prior to the "bar date", the movant must promptly request that the Court schedule a hearing. If the movant does not request such a hearing in a timely fashion, its motion *may* be—and routinely is—denied by the Court without

hearing, for failure to prosecute. DAN's counsel failed to request timely the scheduling of hearings after he was served with the Extension Objections. Thus, as of November 18, 1999, the Extension Requests were subject to dismissal. Nonetheless, for reasons unknown to the Court, the Extension Requests were not processed for denial by the Clerk's Office. At some point in time thereafter, counsel for DAN realized that he had failed to request the scheduling of hearings in a timely fashion; and on December 13, 1999, he filed a Request for Hearing with respect to each Extension Request. Those hearings were held on January 5, 2000 (hereafter, the "Hearings").

## IV. DISCUSSION

The essence of the Debtors' argument at the Hearings was that DAN's failure to prosecute the Extension Requests with diligence rendered them moot. Mootness exists, the Debtors urge, because the deadlines for filing objections, or obtaining extensions of time to do so, have passed. Because the law governing *exemption* objections differs in material respects from that applicable to *discharge/dischargeability* objections, the Court will analyze each area separately.

### A. Objection to Exemption Claims.

■ The filing of a joint petition under 11 U.S.C. § 302(a) creates an estate or estates comprised of, *inter alia*, "all legal or equitable interests of . . . [each] debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). The Bankruptcy Code permits debtors to exempt from their estates certain interests in property. 11 U.S.C. § 522(b). Toward that end, the Code directs that "[a] debtor shall file a list of property that the debtor claims as exempt . . . ." and that "[u]nless a party in interest objects, the property claimed exempt on such list is exempt." 11 U.S.C. § 522(*l*).

■ Bankruptcy Rule 4003(b) specifies the time within which objections to a debtor's list of exemption claims must be made, to wit:

> The trustee or any creditor may file objections to the list of property claimed as exempt within 30 days after the conclusion of the meeting of creditors held pursuant to Rule 2003(a) or the filing of any amendment to the list or supplemental schedules *unless, within such period, further time is granted* by the court.

(emphasis supplied). The language of Rule 4003(b) makes plain that an exemption objection extension request must be filed and "granted", *i.e. ordered by the court,* prior to the original or extended exemption objection deadline. *See, e.g., In re Laurain,* 113 F.3d 595 (6th Cir.1997); *In re Stoulig,* 45 F.3d 957 (5th Cir.1995); *In re Brayshaw,* 912 F.2d 1255 (10th Cir. 1990). This rigid deadline serves the Congressional purpose of determining at an early stage of a bankruptcy case a debtor's entitlement to exempt property.

■ Because the Exemption Determination Date in this case—October 21, 1999—passed several months ago without action by the Court on the Exemption Extension Request, the Court is now powerless to grant an extension *nunc pro tunc. See, id.* The matter is moot.[1] DAN had within its power the right to seek an expedited hearing or other extraordinary relief prior to the passing of the Exemption Determination Date. It failed to do so.

## B. Objection to Discharge/Dischargeability.

### 1. Timeliness of extension request.

A debtor in a Chapter 7 case receives a discharge of debts under the authority of Section 727 of the Bankruptcy Code, which provides such a debtor with a discharge of "all debts that arose before the date of the order for relief" *unless* the discharge is (i) denied in its entirety due to debtor misconduct of the type outlined in Section 727(a) or (ii) modified to except from discharge specific debts of the type enumerated in Section 523(a).

■ A general objection to discharge for the grounds stated in Section 727(a) may be raised by complaint by any creditor, the Chapter 7 trustee, or the United States Trustee. *See* 11 U.S.C. § 727(c)(1) (1999); Fed.R.Bank.P. 7001(4), 7003 (1999). However, the complaint must be filed with diligence. Specifically, Bankruptcy Rule 4004(a) requires, in pertinent part, that "a complaint objecting to the debtor's discharge under § 727 of the Code ... be filed not later than 60 days following the first date set for the meeting of creditors...." Under the circumstances of the instant case, that deadline was November 22, 1999.

■ The same complaint filing deadline applies to a creditor's right to object to the dischargeability of a particular debt on the grounds stated at subsections (a)(2), (4), (6) or (15) of Section 523. *See* 11 U.S.C. § 523(c) (1999); Fed.R.Bank.P. 4007(c), 7001(6), 7003 (1999).

■ Despite these deadlines, the Bankruptcy Rules recognize that circumstances may exist justifying an extension of the time by which a Section 727 and/or 523(c) complaint must be filed. In that regard, Rule 4004(b) provides as follows:

> (b) *Extension of Time.* On motion of any party in interest, after hearing on notice, the court may extend for cause the time for filing a complaint objecting to discharge. *The motion shall be made before such time has expired.*

(emphasis supplied). Similarly, Rule 4007(c) states in pertinent part:

---

1. The general time enlargement principles of Bankruptcy Rule 9006(b) do not aid DAN here, since that Rule, by its terms, defers to the specific enlargement provisions of Rule 4003(b). *See* Fed.R.Bank.P. 9006(b)(3).

(c) *Time for Filing Complaint Under § 523(c) in Chapter 7 Liquidation....* A complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors.... *On motion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be made before the time has expired.*

(emphasis supplied).

■ The plain language of these extension provisions makes clear that—in contrast to the rule for exemption objections—all that must occur before the discharge/dischargeability deadline is that a motion for extension be "made", *i.e. filed,* not that the Court actually *grant* the extension requested. *Cf. In re Coggin,* 30 F.3d 1443, 1447 (11th Cir.1994) (holding that an extension motion is "made" when "filed"). Accordingly, because DAN filed its Discharge Extension Request well prior to the Deadline, that request is not moot, and the Bankruptcy Rules authorize this Court to grant DAN an extension upon a demonstration of "cause".

■ Nonetheless, the Debtors argue that DAN's lack of diligence in prosecuting the Discharge Extension Request should work a forfeiture of its right to obtain an extension after November 18, 1999. DAN's counsel admits that he did not prosecute the Discharge Extension Request with appropriate diligence under this Court's Bar Date Procedure after receiving the Discharge Extension Objection on or about November 5, 1999. Specifically, he failed to request a hearing within the unique time-frames established by that Procedure. Yet no aspect of this Court's Bar Date Procedure affects the result here. Even when there is incomplete compliance with the Bar Date Procedure, that Procedure does not *require* the denial of a

motion which is not prosecuted with diligence. Rather, non-compliance merely invests the Court with *discretion* to deny such a motion. Given the record in this case, the Court declines to deny the Discharge Extension Request for non-compliance with this Court's Bar Date Procedure.

■ This Court's decision is also informed by its equity jurisdiction. Courts of equity abhor a forfeiture of rights, and favor a resolution on the merits. If DAN can present good faith allegations of misconduct justifying a denial or modification of the Debtors' discharge, those allegations should be resolved on their merits. Any injury that the Debtors may have suffered as a result of DAN's lack of diligence in requesting a hearing need not be remedied by a rule of exclusion not compelled by the Bankruptcy Code or Rules.[2]

### 2. Cause for extension.

■ In this case DAN has demonstrated "cause" justifying an extension of the discharge/dischargeability deadline. At the time it filed the Discharge Extension Request DAN had not yet obtained pre-filing discovery—via Rule 2004 examination—necessary to a fairly-considered determination of whether to commence a Section 523 and/or 727 adversary proceeding against the Debtors. *Cf. In re Poirier,* 214 B.R. 53, 58–59 (Bankr.D.Conn.1997) (encouraging pre-filing discovery). This lack of discovery was caused principally by the Debtors' change of counsel, Debtors' counsel's non-responsiveness, and attendant disputes between attorneys. When DAN filed the Discharge Extension Request on October 19, 1999, the foregoing circumstances constituted "cause" justifying this Court's granting of an extension of the Deadline to December 20, 1999, as requested by DAN. And while the circumstances which developed *subsequent* to

---

**2.** Nothing in this Memorandum of Decision or its accompanying Order restricts the Debtors' ability to seek any other remedy for perceived injury attributable to the discharge delay occasioned by DAN's lack of diligence.

November 5, 1999, do not reflect favorably on DAN's counsel's diligence, they do not undermine this Court's ultimate finding of "cause" justifying a short, prospective extension of the Deadline.[3]

Given the circumstances of this case, a brief prospective extension of the Deadline should be granted. In establishing a modified and enlarged Deadline the Court assumes that the parties and their counsel will cooperate in the conduct of a Bankruptcy Rule 2004 examination within that time-frame.

## V. CONCLUSION

For the foregoing reasons, DAN's Exemption Extension Request shall be **DENIED**; and its Discharge Extension Request shall be **GRANTED** in the following manner:

The period within which D.A.N. Joint Venture may file a complaint objecting to the general discharge of the Debtors, or the dischargeability of a particular debt, shall be enlarged to and including March 1, 2000.

The foregoing Memorandum of Decision shall constitute this Court's Findings of Fact and Conclusions of Law for purposes of Fed.R.Bank.P. 7052.

---

**3.** Because the "cause" justifying an extension—generally, the Debtors' non-cooperation in legitimate pre-filing discovery under Rule 2004—has continued to the present, this Court will permit DAN's oral amendment of the Discharge Extension Request, with relation back to October 19, 1999, and grant an extension beyond the date (December 20, 1999) originally requested by DAN.