**In re Judith Nadine WILLIAMS, Debtor.**

**Bankruptcy No. 90–00230.**

United States Bankruptcy Court, N.D. Florida, Gainesville Division.

Jan. 15, 1991.

Eric S. Ruff, Gainesville, Fla., for debtor.

Mark Freund, Tallahassee, Fla., Trustee.

## ORDER ON DEBTOR'S MOTION TO VACATE

LEWIS M. KILLIAN, Jr., Bankruptcy Judge.

This matter came on for hearing January 3, 1991 on Debtor's motion to vacate the order, entered on November 5, 1990, extending by 70 days the time for the trustee to object to the debtor's claim of exemptions. Having considered the arguments of counsel, and for the reasons set forth below, debtor's motion is denied.

The debtors filed their petition for protection under Chapter 7 of the Bankruptcy Code on September 4, 1990. The § 341 meeting of creditors was held on October 2, 1990. On October 31, 1990, the Chapter 7 trustee filed a motion to extend the period for filing objections to the claim of exempt property. The debtor filed a response to the trustee's motion on November 7, 1990. On November 5, 1990, prior to receiving the debtor's response, the Court granted the trustee's motion. The debtors then, on November 27, 1990, filed the motion to vacate the Court's November 5 order. The issue presently before the Court is whether the Court has the authority to extend the time for filing objections to exemptions after the 30 day period following the conclusion of the meeting of creditors has expired.

At the hearing, Debtors argued that Bankruptcy Rule 4003(b) allows the court to enter an order to extend the period of objection only if the order is entered within the 30 day period. Rule 4003(b) states, in part, that "[t]he trustee ... may file objections to the list of property claimed as exempt within 30 days after the conclusion of the meeting of creditors ... unless, within such period, further time is granted by the court." Debtors cite to *In re Brayshaw*, 912 F.2d 1255 (10th Cir.1990), where the Tenth Circuit ruled on this very same point. In that case, the Court studied 4003(b) and found that "a bankruptcy court can extend the period for objections to exemptions only by acting within the original time period ... [T]he bankruptcy court was without power to grant the trustee's motion for an extension once the original period expired." *Supra*, at 1257. If we were to follow the Tenth Circuit's strict construction of the rule, in order for the order granting the extension to be valid, we would have had to enter the order by November 1, 1990.

■ Through our research, we found no other cases that have ruled directly on this point. Most cases simply recognize that the trustee may file for an extension of time within the 30 day period. *In re Peterson*, 920 F.2d 1389 (8th Cir.1990), *In re Blum*, 39 B.R. 897 (Bkrtcy.S.D.Fla.1984). Additionally, the Editors' Comments to Rule 4003(b), in Norton's Bankruptcy Law

and Practice 1990–1991, states that the trustee has 30 days to file a motion for an extension of time. We agree with these authorities and find that the trustee has 30 days to request an extension of time for filing objections to the debtors' exemptions.

Bankruptcy Code § 365(d)(4) has similar language to BR 4003(b). That provision demands a trustee to assume or reject a lease within 60 days after the order for relief, "or within such additional time as the court, for cause, within such 60–day period, fixes." Like 4003(d), § 365(d)(4) appears to require the court to act within a specific time period. In a case before the Ninth Circuit, *In re Southwest Aircraft Services, Inc.*, 831 F.2d 848 (9th Cir.1987), the court considered whether the bankruptcy court had authority to rule on a timely filed motion after the 60 day limit. The appellate court discussed the impracticability of requiring the court to act before the 60th day. It said that such an interpretation would encourage unnecessary motions for extension of time; leading to even greater delays. The Court went on to hold that the interpretation that "best comports with congressional intent is the one that preserves the authority of the bankruptcy court to rule on timely filed motions."

The Ninth Circuit also discussed the former version of Federal Rule of Criminal Procedure 35 which was an explicit rule that gave district courts 120 days within which to act in order to reduce a sentence. A majority of the circuit courts that ruled on the issue of whether the district court could rule after the 120th day on sentence reduction motions decided that the district courts retain jurisdiction "for a reasonable time after the expiration of 120 days." *United States v. Mendoza*, 581 F.2d 89, 90 (5th Cir.1978) (en banc).[1] The Fourth Circuit, on that same matter, stated, "[f]or any number of reasons it may be impossible or impractical for a judge to act promptly upon a motion for reduction of sentence filed with the court long before the expiration of the 120 day period."

*United States v. Stollings*, 516 F.2d 1287, 1288 (4th Cir.1975).

Likewise, an interpretation that BR 4003(d) requires the bankruptcy court to act before the 30th day after the meeting of creditors would be impractical and could lead to numerous unnecessary filings of motions for extensions of time. Rather than being pressured for a quicker and less thorough examination of the debtors claimed exemptions, trustees will merely file a request for an extension of time the day after the meeting of creditors to avoid the risk of a heavily burdened court not ruling on their otherwise timely filed motion. Accordingly, we find that the court has the jurisdiction to grant the trustees motion for an extension of time to file objections to exemptions.

The second issue before the Court, assuming we had the authority to grant the extension of time, is whether the debtor's motion to vacate the November 5, 1990 order was timely. A motion to vacate a judgment must be entered within 10 days from the entry of that judgment. Fed.R. Civ.P. 59, BR 9023. Debtors' motion to vacate the November 5, 1990 judgment was filed November 27, 1990. It was not made within 10 days and was not timely filed. Accordingly, it is

ORDERED AND ADJUDGED that Debtors' motion to vacate the November 5, 1990 order is denied.

DONE AND ORDERED.

---

1. The decisions of the Fifth Circuit existing on September 30, 1981 are binding precedent on the courts of the Eleventh Circuit. *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981).