KENNEDY, J., delivered the opinion of the court, in which NORRIS, J., joined.
CONTIE, J. (pp.---), delivered a separate dissenting opinion.
OPINION
KENNEDY, Circuit Judge.
This appeal presents an issue of first impression in this Circuit: Does a bankruptcy court’s failure to rule on a timely filed Fed. R. BankrP. 4003(b) motion for an extension of time to file objections to a claimed exemption of property from the bankrupt estate divest the bankruptcy court of jurisdiction to grant an extension after the Rule’s prescribed thirty-day period expires? The bankruptcy court held that it lost jurisdiction to rule on a timely-filed request for an extension when it failed to rule within the thirty-day period. The District Court reversed. Because we agree with the bankruptcy court, we REVERSE.
I. Facts
The facts of this case are undisputed. Victoria Johnston Laurain (debtor) filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on May 16, 1995. Pursuant to a Schedule C filed with the bankruptcy court on June 16, 1995, the debtor claimed various items of personal property exempt. Included among the items was an interest in a contingent and unliquidated claim for personal injuries sustained by the debtor as the result of an “ACTD category” breast implant.
On June 19, 1995, the meeting of creditors took place.[1] On July 18, 1995, David G. Rogers, the debtor’s trustee (trustee), filed a Motion to Extend Time to Object to Exemptions of Debtor. In an order signed on July 20, but not entered until July 26, 1995, the bankruptcy court granted an additional 60 days from the entry of the order to file an objection. The debtor filed no objections to this order.
On August 11, 1995, the trustee filed an objection to the debtor’s exemption of the ACTD breast implant claim. On September 12, 1995, the bankruptcy court conducted a hearing on the trustee’s objection. At this hearing, the trustee orally requested addi *597 tional time within which to ascertain the value of the ACTD claim, because both parties had been unable to place a value on the claim. The bankruptcy court took this request under advisement. Counsel for the debtor objected to the request for an additional extension of time.
By an order entered October 3, 1995, the bankruptcy court set aside the July 26 order purporting to extend the objection period, because it found that it had lost jurisdiction to grant an extension on July 19, thirty days after the meeting of creditors was concluded. It therefore denied the trustee’s objection and the oral motion for an additional extension of time as untimely.
The trustee appealed. The District Court reversed the bankruptcy court. The court agreed that the literal language of Rule 4003(b) requires that the court grant an extension of time for the filing of objections within thirty days after the conclusion of the meeting of creditors. However, it concluded that such a strict application of the rule was inappropriate and that the drafters really intended only that the filing of a request for an extension of time be made within the prescribed thirty days, but that the court could grant the request after the thirty days had expired.
This timely appeal followed.
II. Discussion
A. Standard of Review
The proper interpretation of Rule 4003(b) is a question of law which we review de novo. See Baker & Getty Fin. Servs., Inc. v. Rafoth, (In re Baker & Getty Fin. Servs., Inc.), 106 F.3d 1255, 1259 (6th Cir.1997).
B. Trustee’s First Request for Additional Time
When a debtor files a bankruptcy petition, all of the debtor’s property becomes property of the bankruptcy estate. See 11 U.S.C. § 541. However, the debtor is entitled to exempt certain eligible property from the bankruptcy estate. See id. § 522(i). Section 522(i) states the procedure for claiming exemptions and objecting to claimed exemptions as follows: “The debtor shall file a list of property that the debtor claims as exempt under subsection (b) of this section____ Unless a party in interest objects, the property claimed as exempt on such list is exempt.” Although § 522(Z) itself does not specify the time for objecting to a claimed exemption, Rule 4003(b) provides in pertinent part:
The trustee or any creditor may file objections to the list of property claimed as exempt within 30 days after the conclusion of the meeting of creditors held pursuant to Rule 2003(a) ... unless, within such period, further time is granted by the court.
Fed. R. Bankr.P. 4003(b).
Statutes, regulations, and rules of the court must be read in a “straightforward” and “commonsense” manner. See Bartlik v. United States Dep’t of Labor, 62 F.3d 163, 165-66 (6th Cir.1995) (en banc). When we can discern an unambiguous and plain meaning from the language of a rule, our task is at an end. Id. at 166. Rule 4003(b) unambiguously requires that an extension of time be granted within the prescribed thirty-day period. The Rule can only be read to require that an interested party must file a motion for an extension within the prescribed thirty-day period and the court must rule on that motion within the same thirty-day period. Indeed, the rule only implicitly requires that a request for an extension be made within the thirty-day period, while it expressly requires that the court grant such an extension within that period.[2] Moreover, Fed. R. Bankr.P. 9006(b)(3) provides that the court may enlarge the time for taking action under Rule 4003(b) “only to the extent and under the conditions stated in those rules.” Thus, Rule 4003(b) should be viewed as jurisdictional. Because Rule 4003(b) is jurisdictional, it does not matter that the debtor did not object when the Bankruptcy Court granted the extension after the thirty-day period had expired.
*598 The Supreme Court has noted that Congress spent nearly ten years overhauling the bankruptcy system and that “as long as the statutory scheme is coherent and consistent, there generally is no need for a court to inquire beyond the plain language of the statute.” United States v. Ron Pair Enters., 489 U.S. 235, 240-41, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989). Like the bankruptcy statute, the bankruptcy rules also have undergone revisions in the past decade. When Congress approved the change to Rule 4003(b) in 1987 [3] and its amendment in 1991, the rule did not alter the requirement that the bankruptcy judge must rule on a motion for an extension within a specific time period. Compare [Transfer Binder] Bankr.L. Rep. (CCH) ¶ 20,123, at 20,150 with 92 F.R.D. 499, 596 (1982) (preliminary draft of proposed new bankruptcy rules) and Fed. R. Bankr.P. 4003(b). Furthermore, such a focus on timely action by the court is not unique to Rule 4003(b). While some bankruptcy rules provide that only the motion for an extension of time must be filed within a prescribed time period, see, e.g., Fed. R. Bankr.P. 4004(b), 4007(c), other rules provide that the court must act within a prescribed time period, see, e.g., Fed. R. Bankr.P. 1017(e)(1).
Two circuits have addressed the exact issue presented in this case, and both have held that the bankruptcy court must act within the thirty-day time period. In Stoulig v. Traina (In re Stoulig), 45 F.3d 957 (5th Cir.1995), the trustee moved for an extension of time two days before the expiration of the thirty-day period. Two months later, the bankruptcy court granted the extension. The Fifth Circuit held that under Rule 4003(b) the bankruptcy court was without jurisdiction to grant an extension of time after the prescribed thirty-day period. Id. at 957-58. Similarly, in Clark v. Brayshaw (In re Brayshaw), 912 F.2d 1255, 1257 (10th Cir.1990), the Tenth Circuit held that “[t]here simply is no room in the wording for construing Rule 4003(b) or Rule 9006(b) to permit granting an extension of time to file objections outside the original thirty-day time limit.”
One court has approached Rule 4003(b) differently. In In re Williams, 124 B.R. 864 (Bankr.N.D.Fla.1991), the bankruptcy court held that Rule 4003(b) simply requires that a trustee or creditor file a request for an extension of time within the thirty-day period, but that the court can rule on that request after the period has expired. The Williams court relied in part on Southwest Aircraft Services, Inc. v. City of Long Beach, (In re Southwest Aircraft Services, Inc.), 831 F.2d 848 (9th Cir.1987), cert. denied, 487 U.S. 1206, 108 S.Ct. 2848, 101 L.Ed.2d 885 (1988), a case involving Bankruptcy Code § 365(d)(4). Section 365(d)(4) requires a trustee to assume or reject a lease within sixty days after the order for relief, “or within such additional time as the court, for cause, within such sixty-day period, fixes.” 11 U.S.C. § 365(d)(4). The Ninth Circuit considered whether the bankruptcy court had authority to rule on a timely filed motion for an extension after the sixty-day limit. The court found that the language of the section was ambiguous because it was unclear whether the second term — “within such 60-day period” — modified the term that preceded it or the term that followed it. See 831 F.2d at 850. The court adopted the more “liberal” reading, holding that the cause must arise within the sixty-day period, but that the court could grant an extension after the sixty-day period had expired. Id. Southwest Aircraft is distinguishable, however, because the court’s conclusion was premised on the fact that “the meaning of the words of section 365(d)(4) is not entirely clear,” id. at 849. Here, Rule 4003(b)’s meaning is unambiguous.
The Southwest Aircraft and Williams courts also relied on cases dealing with the former version of Fed.R.CrimP. 35, which *599 was widely accepted as unambiguous. Judge Contie, in Ms dissent, relies on these cases as well. Rule 35 afforded district courts oMy 120 days within which to act in order to reduce a sentence.[4] Thus, the 120-day limit in Rule 35 applied to the court, not the defendant. See United States v. Taylor, 768 F.2d 114, 116 n. 3 (6th Cir.1985). Moreover, Fed.R.Crim.P. 45(b), like Fed. R. Bankr.P. 9006(b)(3), provided that “the court may not extend the time for taking any action under Rules 29, 33, 34 and 35, except to the extent and under the conditions stated in them.” In dictum, the Supreme Court had stated that the 120-day time limit “is jurisdictional and may not be extended.” United States v. Addonizio, 442 U.S. 178, 189, 99 S.Ct. 2235, 2243, 60 L.Ed.2d 805 (1979). Thus, if courts had followed the literal language of Rule 35, district courts would have had no jurisdiction to act on pending sentence reduction motions once the 120-day period expired. However, even after Addonizio, a majority of the circuits adhered to the view that the district courts retained jurisdiction for a “reasonable time” beyond the 120-day period to consider timely filed Rule 35 motions. See, e.g., Diggs v. United States, 740 F.2d 239, 245 n. 9 (3d Cir.1984); United States v. DeMier, 671 F.2d 1200, 1205-1207 (8th Cir.1982); United States v. Smith, 650 F.2d 206, 209 (9th Cir.1981); United States v. Mendoza, 581 F.2d 89, 90 (5th Cir.1978) (en banc); United States v. Stollings, 516 F.2d 1287, 1288 (4th Cir.1975).
TMs Circuit never ruled on the question whether the time limit in Rule 35 was jurisdictional, although we suggested, in United States v. Blanton, 739 F.2d 209, 213 (6th Cir.1984), that jurisdiction might extend beyond the 120-day period where a timely motion had been filed or a showing of special circumstances justifying delay had been made. See Taylor, 768 F.2d at 117 n. 3. We cannot reliably say, however, that we would have ultimately agreed with the majority view, and we therefore cannot draw on such precedent to support a more expansive interpretation of Rule 4003(b), assuming that comparing a bankruptcy rule of procedure to a criminal rule of procedure is even appropriate. Moreover, the cases that held the majority view did so because of practical and equitable concerns, not because of constitutional problems with the rule. For example, in Stollings, 516 F.2d at 1288, the Fourth Circuit explained that “[w]e need not give the Rule so literal a reading ... and we can not assume that such a reading was intended when the consequences would be so devastating and arbitrarily fortuitous.”
Rule 4003(b) arguably raises due process concerns. See Logan v. Zimmerman Brush Co., 455 U.S. 422, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982) (holding that the plaintiffs due process rights were violated when Ms property interest, i.e. cause of action, was terminated as the result of a failure to hear and decide his timely filed claim within a specified deadline); Southwest Aircraft, 831 F.2d at 853 n. 6 (‘While here the right that Southwest would lose directly is the right to obtain an extension of time in wMch to decide whether to assume or reject a lease, because the failure to consider the claim before the statutory deadline effectively deprives the debtor of Ms leasehold interest in property the Logan analysis may well be applicable.”). However, as applied here, Rule 4003(b) presents no due process problems, because the trustee was given an opportumty to obtain some form of expedited consideration of Ms request for an extension. The bankruptcy court stated that “[w]hen trustees find their exemption investigations incomplete near the end of the 30-day period, the “walk-through’ procedure in place in tMs district provides a dependable means for execution of orders with early, necessary deadlines.” Rule 3.8 of the Local Rules of the Bankruptcy Court of the Middle District of Tennessee provides that an emergency motion, defined as “those *600 rare matters requiring action on less than three days’ notice”, must be filed personally with the clerk or the deputy clerk with a declaration of why emergency action is needed. Thus, in this ease, the trustee could have taken steps to ensure timely action on his motion.
We realize that a literal reading of Rule 4003(b) may be impractical and unfair. A judge may be on vacation, ill, or overworked and consequently unable to rule on the motion for an extension within the thirty-day period. But as the Seventh Circuit explained with regard to Fed.R.Crim.P. 35, “if there should be no limit on the time within which the judge can act ... the rule ought to be rewritten by those who have the authority to do so; the court of appeals do not.” United States v. Kajevic, 711 F.2d 767, 771 (7th Cir.1983).
C. Second Request for Additional Time
In view of our holding that the bankruptcy court lost jurisdiction to grant the trustee’s first request for an extension of time once the original thirty-day period prescribed in Rule 4003(b) expired, we do not decide whether the court may grant an additional extension during an extension period.
III. Conclusion
For the foregoing reasons, we REVERSE.

. Section 341(a) of the Bankruptcy Code provides: "Within a reasonable time after the order for relief in a case under this tide, the United States trustee shall convene and preside at a meeting of creditors.” 11U.S.C. § 341(a).

. Collier on Bankruptcy advises: "The tíme period for filing objections to exemptions may be extended only by the court and only if the extension is granted within the original time period.” 9 Collier on Bankruptcy ¶ 4003.03[1], at 4003-9 (15th ed.1996).

. Rule 403(c), the predecessor of Rule 4003(b), provided:
Any creditor or the bankrupt may file objections to the report within 15 days after its filing, unless further time is granted by the court within such 15-day period.
[Transfer Binder] Bankr.L. Rep. (CCH) ¶ 20,123, at 20,150 (emphasis added). The Bankruptcy Code changed the thrust of Rule 403 by making it the burden of the debtor to list his or her exemptions and the burden of the parties in interest to raise objections. See Fed R. Bankr.P. 4003 advisory committee's note.

. The former version of Rule 35 provided in pertinent part:
The Court may reduce a sentence within 120 days after the sentence is imposed or probation is revoked, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction or probation revocation.
Fed.R.Crim.P. 35(b).