**In re Barbara Sherry SACKS, Debtor.**

**Bankruptcy No. 97–32127–BKC–SHF.**

United States Bankruptcy Court,
S.D. Florida.

Aug. 19, 1997.

Jeffrey H. Beck, Ruden, McClosky, Smith, Schuster & Russell, Ft. Lauderdale, FL.

Frederic J. DiSpigna, Boca Raton, FL, for debtor.

Deborah Menotte, West Palm Beach, FL, trustee.

### ORDER DENYING MOTION FOR EXTENSION OF TIME TO OBJECT TO CLAIM OF EXEMPT PROPERTY

STEVEN H. FRIEDMAN, Bankruptcy Judge.

This matter came before the Court on August 7, 1997, for consideration of the joint motion of the Chapter 7 Trustee and creditor, Kidder, Peabody & Company, Inc. ("Kidder") for an extension of time to object to the Debtor's claim of exempt property (the "Joint Motion"). The Debtor objects to the entry of an order extending the time because the order was not entered prior to the deadline for the filing of objections to claimed exemptions. Having considered the motion, the argument of counsel and for the reasons set forth below, the Court denies the Joint Motion.

The Debtor filed her chapter 7 petition on April 30, 1997. The Debtor's first meeting of creditors was held on June 18, 1997. Pursuant to Federal Rule of Bankruptcy Procedure 4003(b) objections to the claimed exemptions must be filed within 30 days of the date of the first meeting of creditors. The Joint Motion was filed on July 16, 1997. The Debtor contends that pursuant to Federal Rule of Bankruptcy Procedure 4003(b), even if a motion is filed within the time period, the Court is without jurisdiction to grant an extension of time to object to exemptions after the deadline has run.

Federal Rule of Bankruptcy Procedure 4003(b) provides—

> The trustee or any creditor may file objections to the list of property claimed as exempt within 30 days after the conclusion of the meeting of creditors held pursuant to Rule 2003(a) or the filing of any amendment to the list or supplemental schedules *unless, within such period, further time is granted by the court.* Copies of the objections shall be delivered or mailed to the trustee and to the person filing the list and the attorney for such persons. (emphasis added)

The dispute in this instance is whether Rule 4003(b) means what it says. The Tenth Circuit in *In re Brayshaw*, 912 F.2d 1255 (10th Cir.1990), found that Rule 4003(b) is "quite clear on [it's] face ... that a bankruptcy court can extend the period for objections to exemptions only by acting within the original time period." Judge Killian, in *In re Williams*, 124 B.R. 864 (Bankr.N.D.Fla. 1991), rejected *Brayshaw* and found that an order did not have to be entered within the time period, but that a trustee must file a motion for an extension of time within the 30 day period. Since *Williams*, the Fifth and Sixth Circuits have agreed with *Brayshaw* and have determined that the Rule is unambiguous and "can only be read to require that an interested party must file a motion for an extension within the prescribed thirty-day period and the court must rule on that motion with the same thirty-day period." *In re Laurain*, 113 F.3d 595, 597 (6th Cir.1997).

Before the Debtor contested the authority of this Court to enter an order after the 30 day period, it was the practice of this Court to grant such requests outside the 30 day period. However, in light of the fact that three Circuit Courts have determined that orders granting extensions of time must be entered within the time period, the Court determines it is without authority to grant an extension of time after the 30 day period has run.

The Court agrees that this interpretation at times may place a substantial burden upon trustees and creditors and upon the Court due to the workload of the Court, and in instances when judges may be on vacation.

But, as noted by the Tenth Circuit, quoting a Seventh Circuit opinion regarding Federal Rule of Criminal Procedure 35, "if there should be no limit on the time within which the judge can act ... the rule ought to be rewritten by those who have the authority to do so; the courts of appeals [or bankruptcy courts] do not." *In re Laurain*, 113 F.3d at 600, *quoting United States v. Kajevic*, 711 F.2d 767, 771 (7th Cir.1983). Accordingly, it is

ORDERED that the joint motion for an extension of time to object to the Debtor's claim of exemptions is denied.