In re Stephan Jay **LAWRENCE**, Debtor.

Stephan Jay Lawrence, Appellant,

v.

Alan L. Goldberg, as Chapter 7 Trustee for the Estate of Stephan Jay Lawrence, Appellee.

No. 99–2113–CIV.
Bankruptcy No. 97–14687–BKC–AJC.

United States District Court, S.D. Florida.

Feb. 4, 2000.

As Amended Feb. 16, 2000.

Ronald G. Neiwirth, Fowler, White, Miami, FL, for appellant.

Paul Steven Singerman, James H. Fierberg, Berger, Davis & Singerman, P.A., Miami, FL, for appellee.

## MEMORANDUM OPINION AND ORDER

HIGHSMITH, District Judge.

THIS CAUSE came before the Court upon Debtor Stephan Jay Lawrence's appeal from an order issued on February 2, 1999 by United States Bankruptcy Judge Thomas S. Utschig, sitting by designation in the Southern District of Florida. Therein, Judge Utschig granted Appellee/Chapter 7 Trustee Alan L. Goldberg's motion for partial summary judgment on the trustee's objection to Lawrence's claimed exemption of pension funds. Judge Utschig also granted the trustee's motion for turnover of pension funds and for an accounting; and denied the debtor's motion for summary judgment. In his appeal, Lawrence argues that the trustee's objection was untimely, hence should have been neither considered nor sustained by Judge Utschig. Although the trustee filed his objection within the extension of time granted by United States Bankruptcy Judge A. Jay Cristol in an order dated October 22, 1997, Lawrence argues that Judge Cristol's order was itself untimely under a strict reading of the applicable Bankruptcy Rule, namely Fed.R.Bankr.P. 4003(b).

Having carefully reviewed the record and the parties' briefs and having heard the argument of counsel, the Court has determined that the time limitations of Fed.R.Bankr.P. 4003(b) must be strictly construed. Hence, the Court concludes that both Judge Cristol's order and the trustee's objection were untimely. Accordingly, the Court vacates Judge Utschig's order in all respects and remands this matter to the Bankruptcy Court for the entry of judgment overruling the trustee's objection to the debtor's claimed exemption of pension funds.

## PROCEDURAL BACKGROUND

On June 12, 1997, Debtor/Appellant Stephan Jay Lawrence filed a voluntary bankruptcy petition under Chapter 7 of the Bankruptcy Code, docketed as Case No. 97–14687–BKC–AJC. A meeting of creditors was initially set for July 17, 1997, but it was continued to August 25, 1997. In his schedule of exemptions, Lawrence claimed the funds in a pension plan created by his solely-owned business, S.L. Computer Services, Inc. The pension funds were valued at approximately $450,000.

On September 12, 1997, Appellee/Chapter 7 Trustee Alan L. Goldberg filed a motion requesting an extension of time within which to file objections to the debtor's claimed exemptions. Goldberg's motion also sought an extension of time to file complaints objecting to the debtor's discharge. Thereafter, on September 16,

1997, the Clerk of the Bankruptcy Court issued a notice of hearing on the trustee's motions, to be held on October 14, 1997. Pursuant to the instructions contained in the notice, Goldberg's counsel was required to serve a copy of the notice on all required parties and to file the original notice with a completed certificate of service. On September 17, 1997, Goldberg filed the notice and certificate of service in the Bankruptcy Court record.

After hearing the arguments of counsel, Judge Cristol granted the trustee a six-month extension to file objections both to claimed exemptions and to discharge. This ruling was memorialized in an order extending both deadlines to April 14, 1998, issued on October 22, 1997. After issuance of the extension order, Lawrence moved for reconsideration, arguing, *inter alia*, that it was untimely as to the period for filing objections to claimed exemptions. By order dated February 10, 1998, Judge Cristol denied Lawrence's motion for reconsideration.[1]

On April 13, 1998, Goldberg filed his objection to Lawrence's claimed exemption of the pension funds and a motion to turn over funds and for an accounting. On July 10, 1998, Lawrence responded to the objection asserting, *inter alia*, that the objection was untimely. Thereafter, the parties filed cross-motions for summary judgment with regard to the objection, which resulted in Judge Utschig's February 2, 1999 ruling, appealed herein.[2]

1. On February 18, 1998, Lawrence filed a notice of appeal and a motion for leave to appeal Judge Cristol's non-final order of February 10th. The motion for leave to appeal was docketed in this Court as Case No. 98–585–CIV–NESBITT. By order dated June 5, 1998, United States District Judge Lenore C. Nesbitt denied Lawrence's motion for leave to appeal. *See Order Denying Motion for Leave to Appeal, etc.*, D.E. # 11 in Case No. 98–585–CIV–NESBITT. Contemporaneously, on June 4, 1998, the notice of appeal was docketed in this Court as Case No. 98–1279–CIV–NESBITT. On June 8, 1998, noting that she had earlier denied Lawrence's motion for leave to appeal, Judge Nesbitt dismissed the appeal.

*See Order Dismissing Appeal,* D.E. # 3 in Case No. 98–1279–CIV–NESBITT.

2. On April 13, 1998, Goldberg also filed a complaint objecting to the debtor's discharge, which was docketed in the Bankruptcy Court as Case No. 98–1211–BKC–AJC–A. In that case, Judge Utschig ordered Lawrence to turn over the assets of an offshore trust. Thereafter, Judge Cristol found Lawrence in contempt of court for failing to comply with the turn-over order and directed the U.S. Marshal to hold him in custody, pending compliance. Lawrence filed an emergency motion in this Court, seeking to vacate the incarceration order or, in the alternative, for release from

Lawrence's appeal of Judge Utschig's February 2, 1999 order was filed in the Bankruptcy Court on February 10, 1999. The notice of appeal and the record were transmitted to this Court on May 10, 1999. Prior to that date, on April 14, 1999, Lawrence had filed a motion for stay pending appeal. Said motion was docketed in this Court as Case No. 99–1051–CIV–UNGARO–BENAGES. In an order dated May 26, 1999, United States District Judge Ursula Ungaro–Benages denied the motion for stay. *See Order Denying Debtor's Motion for Stay Pending Appeal,* D.E. # 4 in Case No. 99–1051–CIV–UNGARO–BENAGES. Due to the pendency of Case No. 99–1051 at the time of receipt of the transmittal notice and record, the Clerk of this Court docketed those materials in Case No. 99–1051. Thereafter, on July 30, 1999, the appeal was re-docketed as Case No. 99–2113–CIV–HIGHSMITH. On August 5, 1999, noting that the delay resulting from the re-docketing had rendered the briefing periods prescribed in Fed. R.Bankr.P. 8009 inapplicable, the undersigned set a superseding briefing schedule. Once the briefing was completed, the Court heard oral argument on November 23, 1999.

### ISSUE ON APPEAL

In his appeal of Judge Utschig's February 2, 1999 order, Lawrence does not address the substantive aspects of the ruling, which sustained Goldberg's objection to Lawrence's claimed exemption of pension funds. Thus, the singular issue before the Court is the timeliness, *vel non,* of Goldberg's objection to the exemption. Resolution of that question involves construction and application of Fed. R.Bankr.P. 4003(b), which provides in pertinent part:

> The trustee or any creditor may file objections to the list of property claimed as exempt within 30 days after the conclusion of the meeting of creditors held pursuant to Rule 2003(a) or the filing of any amendment to the list or supplemental schedules, unless, within such period, further time is granted by the court.

A plain reading of Rule 4003(b) vis-a-vis the chronology in this case makes it clear that no objections were filed and no extension was granted within the thirty-day period contemplated by the rule. To recapitulate the procedural events, the meeting of creditors was concluded on August 25, 1997. Hence, the thirty-day period prescribed by Rule 4003(b) for the trustee to file objections to the debtor's claimed exemptions expired on September 24, 1997, "unless, within such period," the Bankruptcy Court granted an extension. Prior to the expiration of the 30–day period, on September 12, 1997, the trustee moved for extensions of time to file objections both to the debtor's claimed exemptions and to his discharge. A hearing on the motions was scheduled for October 14, 1997, pursuant to the notice issued by the Clerk of the Bankruptcy Court on September 16, 1997 and served by the trustee on September 17, 1997. Having heard the motions, Judge Cristol granted the trustee a six-month extension to file objections to claimed exemptions and to discharge; and memorialized that ruling in an order issued on October 22, 1997, extending both deadlines to April 14, 1998. It is beyond

custody pending *de novo* review of the contempt order. That case was docketed in this Court as Case No. 99–2678–CIV–GOLD/SIMONTON. After a hearing held on October 7, 1999, United States District Judge Alan S. Gold ordered Lawrence released from jail. Judge Gold found that the bankruptcy court had exceeded its authority when it enforced the contempt order prior to a *de novo* review of said order by the district court. Judge Gold has not yet issued a final ruling on

Lawrence's appeal of the contempt order. That matter has been held in abeyance pending Judge Gold's consideration of Lawrence's appeal of the underlying turn-over order, which has been docketed in this Court as Case No. 99–2764–CIV–GOLD/SIMONTON. *See Interim Order Concerning Review of Bankruptcy Court's September 8, 1999 Contempt Order and October 5, 1999 Incarceration Order,* D.E. # 31 in Case No. 99–2678–CIV–GOLD/SIMONTON.

cavil that both the date of the hearing and the date of the order fall outside the thirty-day period that elapsed on September 24, 1997.[3]

Mindful of the language of Rule 4003(b), Goldberg advocates a pragmatic approach to the rule, one that requires the filing of a motion within the thirty-day period but does not impose a time limitation on the Bankruptcy Court's ruling. Goldberg's arguments are buttressed by Judge Cristol's views on this subject, expressed at length in the latter's February 10, 1998 order denying Lawrence's motion for reconsideration. Moreover, as noted by Judge Cristol in his opinion, there is no consensus in the Bankruptcy Court for the Southern District of Florida on this issue. Thus, this appeal presents an issue of great importance to the bankruptcy practitioners in this district.

### REVIEW OF RELEVANT CASES

In *Taylor v. Freeland & Kronz*, 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992), the United States Supreme Court enforced the thirty-day limitation contained in Fed.R.Bankr.P. 4003(b) against a trustee who failed to object to a debtor's claimed exemption within the prescribed period. As noted by the Supreme Court, "Rule 4003(b) gives the trustee and creditors 30 days from the initial creditors' meeting to object. By negative implica-tion, the Rule indicates that creditors may not object after 30 days 'unless, within such period, further time is granted by the court.'" *Id.* at 643, 112 S.Ct. 1644. Because the trustee had not sought an extension of time to file objections, the Supreme Court did not face the issue before this Court; i.e., the operation of the rule when the trustee files a timely motion for extension of the objections period, but the bankruptcy court grants such extension outside the thirty-day period. The *Taylor* opinion provides guidance for the task at hand, however, to the extent that the Supreme Court strictly construed the limitations period, notwithstanding various arguments to the contrary advanced by the trustee, based on policy considerations and equity. *Id.* at 644–46, 112 S.Ct. 1644.[4]

Three appellate courts that have faced the precise issue before this Court have strictly construed the time limitation imposed by the rule on the granting of extensions for filing objections. *See In re Brayshaw*, 912 F.2d 1255 (10th Cir.1990) (A bankruptcy court can extend the period for objections to exemptions only by acting within the original time period, even when the motion for extension of time was filed on the last day of the period; the court was without power to grant such motion once the original period expired.); *In the Matter of Stoulig*, 45 F.3d 957 (5th Cir. 1995) (The bankruptcy court was without

**3.** The time limitations and extensions to object to the debtor's discharge are governed by a different rule, namely Fed.R.Bankr.P. 4004. Rule 4004(a) affords the trustee a sixty day period from the date when the meeting of creditors is first scheduled to object to the debtor's discharge. Rule 4004(b) provides: "On Motion of any party in interest, after hearing on notice, the court may extend for cause the time for filing a complaint objecting to discharge. The motion shall be made before such time has expired." Because the meeting of creditors was originally scheduled for July 17, 1997, the trustee's September 12th request for extension of time to object to the discharge was timely under Rule 4004(b). Moreover, since Rule 4004(b) does not prescribe a window within which the bankruptcy court must act, Judge Cristol's October 22, 1997 Order was timely with respect to the extension for filing objections to discharge. As previously noted, Lawrence has appealed both Judge Utschig's substantive ruling on that matter and Judge Cristol's subsequent contempt finding, and those appeals are pending before United States District Judge Alan S. Gold.

**4.** The Eleventh Circuit has adopted the *Taylor* court's stringent interpretation of Rule 4003(b)'s time limitation, thereby disallowing a trustee's late-filed objections to claimed exemptions. *See In re Green*, 31 F.3d 1098 (11th Cir.1994). Like the trustee in *Taylor*, the *Green* trustee had not sought an extension of time for filing his objections. Thus, the *Green* court did not address the issue raised in this appeal.

jurisdiction to grant an extension of time to file objections to exemptions after the expiration of the thirty-day period prescribed by Rule 4003(b), even when the motion for extension of time was filed two days prior to expiration of the thirty-day period.); *In re Laurain,* 113 F.3d 595 (6th Cir.1997) (The appellate court upheld a bankruptcy court's determination that it had lost jurisdiction to rule on a timely filed request for extension because it had failed to rule within the prescribed thirty-day period.).

The judges of the Bankruptcy Court for the Southern District of Florida have taken differing positions on this issue.[5] United States Bankruptcy Judge Steven H. Friedman follows a stringent interpretation of the rule. *See In re Sacks,* 211 B.R. 410 (Bankr.S.D.Fla.1997). In *Sacks,* Judge Friedman eschewed his prior practice of granting' extensions outside the 30–day period prescribed by Rule 4003(b) in light of the stringent interpretation of the rule adopted by the Tenth, Fifth and Sixth Circuits. By contrast, United States Bankruptcy Judge Raymond B. Ray has declined to apply the appellate courts' strict interpretation of Rule 4003(b) and has elected to follow the rationale expressed by the dissent in the Sixth Circuit's *Laurain* opinion. *See In re Statner,* 212 B.R. 164, 166–67 (Bankr.S.D.Fla.1997) citing *In re Laurain,* 113 F.3d 595, 600–03 (6th Cir.1997) (Contie, J., dissenting). Adopting the *Laurain* dissent, Judge Ray held in *Statner* that, where a motion for extension of time is filed within the 30–day period prescribed by Rule 4003(b), the bankruptcy court may act beyond that original thirty-day period to extend the time for filing objections.[6] This same approach has been embraced by Judge Cris-

tol and applied to this case, thus giving rise to the appeal before this Court.

## DISCUSSION

■ Fed.R.Bankr.P. 4003(b) unambiguously states that a trustee or creditor must apply for an extension of time to object to claimed exemptions within thirty days from the meeting of creditors, "unless, within such period, further time is granted by the court." The United States Supreme Court has strictly construed the first part of the rule; i.e., that, absent an extension of time, objections must be filed within thirty days. Three appellate courts have strictly construed the second part of the rule; i.e., that extensions must be granted within the original thirty-day period. Thus, both the plain language of the rule and persuasive authority militate in favor of applying the thirty-day limitation to bankruptcy court rulings.

Reading Rule 4003(b) *in pari materia* with Rule 9006, the general rule governing enlargements of time, also supports this approach. Specifically, Rule 9006(b)(3), entitled "Enlargement Limited", provides: "The court may enlarge the time for taking action under Rules ... 4003(b) ... only to the extent and under the conditions stated in those rules." Thus, Rule 9006(b)(3) reinforces the concept that the bankruptcy court must act within the thirty-day period prescribed by Rule 4003(b).

In addition, the provisions of Rule 4003(b) can be contrasted to those of Rule 4004(b), which governs the time for objecting to the debtor's discharge. The latter requires that a motion be made prior to expiration of the original time period, but imposes no time constraints for the bankruptcy court to act. In keeping with this approach, Rule 9006(b)(3) does not include Rule 4004(b) among those for which enlargements are limited.[7]

---

**5.** The matter is one of first impression for this Court, since, as noted above, neither the Eleventh Circuit nor the Supreme Court have addressed it.

**6.** In his *Statner* opinion, Judge Ray also cited with approval a similar holding from the Bankruptcy Court for the Northern District of

Florida, *In re Williams,* 124 B.R. 864 (Bankr. N.D.Fla.1991).

**7.** As previously noted, Judge Cristol extended the time to file both types of objections in his October 22, 1997 order.

Drawing from other rules of procedure, the Court notes that Rule 33 of the Federal Rules of Criminal Procedure places a time limitation on when a district court may grant a motion for new trial if the motion is based on grounds other than newly discovered evidence. Pursuant to that rule:

> A motion for new trial based on newly discovered evidence may be made only within three years after the verdict or finding of guilty.... A motion for a new trial based on any other grounds may be made only within 7 days after the verdict or finding of guilty *or within such further time as the court may fix during the 7–day period.*

Fed.R.Crim.P. 33 (emphasis added). Thus, the time restriction imposed by Fed.R.Bankr.P. 4003(b) is neither unique nor the shortest among federal rules of procedure.

Having discussed the considerations that favor a literal application of Rule 4003(b), the Court addresses Appellee Goldberg's arguments against such application. First, Goldberg contends that Rule 4003(b) cannot divest the bankruptcy court of jurisdiction because Fed.R.Bankr.P. 9030 expressly provides that the Bankruptcy Rules "shall not be construed to extend or limit the jurisdiction of the courts or the venue of any matters therein." While both the Fifth and Sixth Circuit couched their interpretations of Rule 4003(b) in jurisdictional terms, the Tenth Circuit viewed the issue as involving the power of the bankruptcy court. The issue appears to be one of semantics rather than substance. As noted by the United States Supreme Court in *Taylor*, Rule 4003(b) works in tandem with 11 U.S.C. § 522(*l*). *Taylor*, 503 U.S. at 643, 112 S.Ct. 1644. The statute provides, "The debtor shall file a list of property that the debtor claims as exempt under subsection (b) of this section.... Unless a party in interest objects, the property claimed as exempt on such list is exempt." According to the *Taylor* court, the absence of timely objections filed pursuant to Rule 4003(b) automatically renders the property exempt under Section 522(*l*). In reaching this conclusion, the Supreme Court rejected the trustee's argument that the statute and rule "serve only to narrow judicial inquiry into the validity of an exemption after 30 days, not to preclude judicial inquiry altogether." *Taylor*, 503 U.S. at 643, 112 S.Ct. 1644. Thus, while Rule 4003(b)'s effect on a bankruptcy court's jurisdiction may be a subject of debate, the *Taylor* court's holding supports the view that the rule and statute, in combination, foreclose consideration of untimely objections.

Goldberg also argues that, having complied with the provisions of Rule 4003(b), he should not be prejudiced by the massive case load of the Bankruptcy Court for the Southern District of Florida, nor by any delays caused by the court's administrative staff in setting a matter for hearing. These arguments coincide with the justifications articulated by Judge Cristol in support of a "liberal" reading of Rule 4003(b). In his February 10, 1998 order denying Lawrence's motion for reconsideration, which is drafted in numbered paragraphs, Judge Cristol states:

> 23. The minority holding of *Laurain* and Judge Ray's decision in *Statner* both highlight the absurd and inefficient results which the literal interpretation of Bankruptcy Rule 4003(b) would invite. Judge Contie, in his dissent in *Laurain* reasoned that Congress did not intend the "nonsensical" interpretation adopted by the majority of the court. *Statner*, 212 B.R. at 167.

> 24. This Court also believes that it could not be the intention of Congress to impose upon Trustees the extraordinary burden to complete an investigation of a complex bankruptcy case, such as the case of this Debtor, within thirty (30) days, and to require the Trustee to seek and obtain Bankruptcy Court approval of an extension of time to object to exemptions within so minimal time frame.

24. There are simply too many circumstances which could occur which are out of the control of the Bankruptcy Court or the Trustee, or both, "such as an ill or vacationing bankruptcy judge who is unable to act on a timely-filed motion within the 30 day period ... or a motion that is filed on the thirtieth day, minutes after the bankruptcy judge has gone home ..." *Laurain,* 113 F.3d at 602. The list of other possible impediments to the actual entry of an order under a literal reading of Bankruptcy Rule 4003(b) ranges from vacations to holidays to natural disasters and the like. These impediments are often out of the control of the Court and the Trustee. The authority of this Court to grant a timely filed motion for extension under Bankruptcy Rule 4003(b) serves to eliminate the undue hardship on both trustees and the court which would flow from the literal interpretation urged by the Debtor. See, *Statner,* 212 B.R. at 167.

25. This Court's interpretation of Bankruptcy rule 4003(b) will serve to eliminate or substantially reduce the need for the plethora of pleadings, oppositions, memoranda, supplemental citations of authority, hearings and requests for rehearing which, as amply demonstrated by the instant case, will necessarily result from the strict and literal interpretation urged by the Debtor.

26. Indeed, there is not better case that the present case to illustrate the need for a Trustee to have ample time to investigate the affairs of a Debtor who, despite his protestations to the contrary, may not be as forthcoming as might otherwise be expected or desired, or alternatively, who has embarked on a purposeful course of opposition to virtually all of the Trustee's investigatory efforts. It would be manifestly unfair to the Trustee and inequitable to the creditors whose interests are entrusted to the Trustee, to permit a Debtor to enjoy the "fortuitous and inequitable results" of an escape with his otherwise questionable exemptions intact, upon the technical and narrow reading of the rule which is urged by the Debtor. See, *In re Statner,* 212 B.R. 164, 167 (Bkrtcy.S.D.Fla. 1997).

27. This Court will not impose upon Trustees or the Court the heavy and otherwise unnecessary burden of the rote and mechanical filing of extension motions upon the completion of the creditors' meeting, for the sole purpose of ensuring that the entry of an order occurs within the thirty (30) day period following the conclusion of the creditors' meeting convened pursuant to 11 U.S.C. § 341.

28. Rather, this Court will continue to require that extension motions filed under Bankruptcy Rule 4003(b) need only be filed before the expiration of the thirtieth (30th) day following the conclusion of the meeting of creditors, with the motion to be heard in the ordinary course of the court's business.

*See Order Denying Debtor's Motion for Reconsideration of this Court's Order of October 22, 1997,* D.E. # 143 in Bankruptcy Case No. 97–14687–BKC–AJC.

Addressing similar concerns, in the case of *In re Brayshaw,* the Tenth Circuit stated, "We recognize that this may cause problems for many bankruptcy courts with crowded dockets or when the motion has been filed, as here, on the last day. But that is a matter for the drafters of the bankruptcy rules, who appear to have thought precise time limitations were important in the situation presented here." *In re Brayshaw,* 912 F.2d at 1257. *See also In re Laurain,* 113 F.3d at 600 (noting that a literal reading of the rule may be impractical and unfair, but remarking that "if there should be no limit on the time within which the judge can act ... the rule ought to be rewritten by those who have the authority to do so; the courts of appeals do not."). Judge Cristol advances very strong arguments in favor of rewriting Rule 4003(b). However, nei-

ther the bankruptcy courts nor the district courts are charged with that task. Therefore, reading the rule as if it had, in fact, been rewritten, is not a prerogative of either court.

■ Goldberg also argues that strict application of the rule operates as a denial of due process to the trustee and creditors. In essence, Goldberg's posture is that, having complied with the rule, he should not be made to suffer the consequences of the bankruptcy court's failure to do likewise. There is some support for this argument in a fairly recent Eleventh Circuit opinion, which allowed a habeas petitioner's appeal to proceed despite the fact that petitioner's counsel filed the notice of appeal more than fourteen months after the district court's final order had been entered. In *Hollins v. Department of Corrections*, 191 F.3d 1324 (11th Cir.1999), the Eleventh Circuit applied the "unique circumstances doctrine" to exercise its equitable powers and excuse the untimely notice appeal. The circumstances were as follows. Petitioner's counsel did not receive a copy of the final order denying the petition, which was issued on July 26, 1997. The order was docketed on August 1, 1997. However, that entry was not reflected in the district court's electronic "PACER" system, which counsel regularly checked, as shown by his retained copies of the computer print-outs. On October 5, 1998, counsel finally discovered that the order had been issued after speaking to a member of the district court's staff, and promptly filed the notice of appeal. The Eleventh Circuit determined that the "atypical" facts of the case were sufficient to bring it within the purview of the "unique circumstances doctrine" because petitioner's counsel had been lulled into inactivity by assurances from the clerk's office, which promoted the use of PACER as the source of "official" case information.

Unlike counsel in *Hollins*, counsel for Goldberg was fully informed of the proceedings in this case. In its undisputed that Goldberg's counsel received the notice issued by the Clerk of the Bankruptcy Court on September 16, 1997, which set a hearing on the September 12th motions for extension of time for October 14, 1997. Indeed, on September 17, 1997, Goldberg's counsel filed the notice and a certificate of service on required parties in the Bankruptcy Court record. Thus, within the thirty-day window prescribed by Rule 4003(b), Goldberg's counsel knew that the motion for extension of time to file objections to claimed exemptions would not be ruled upon prior to expiration of said period.

The Local Rules of the Bankruptcy Court for the Southern District of Florida provide two avenues whereby Goldberg's counsel could have requested an expedited ruling: Rule 9075–1 allows the filing of emergency motions; and Rule 9013–1(C) sets forth the procedure whereby motions may be considered without a hearing; i.e., *ex-parte*.[8] Goldberg's counsel did not avail himself of either of these opportunities. Therefore, the Court concludes that application of a strict reading of Rule 4003(b) to this case does not deprive the trustee, or the creditors whose interest he represents, of due process. *See In re Laurain*, 113 at 599 (considering, but rejecting, arguments that strict application of Rule 4003(b) raises due process concerns, where the bankruptcy court had in place a "walk-through" procedure and allowed the filing of emergency motions to ensure timely action by the court).

■ At oral argument, the undersigned asked: Did counsel take no steps at all to obtain an earlier ruling? Counsel made a representation to the Court that inquiry

---

**8.** Rule 9013(C)(5) specifically addresses the conditions under which motions to extend time to file objections to claimed exemptions may be considered *ex parte*. While the extension that the trustee could have obtained in this fashion would have been limited to 30 days (absent agreement from the debtor), rather than the six months granted by Judge Cristol, the rule does provide an avenue for seeking relief.

had been made from the Bankruptcy Clerk's office regarding an earlier date, the response to which was that Judge Cristol's view of the rule did not require that an order be issued within 30 days. Unlike counsel in *Hollins*, this attorney did not produce any independent verification of the inquiry. While the assertion is unsupported, either within or outside the record, the Court assumes its veracity as a representation from an officer of the Court. Even under the *Hollins* standard, however, this single act is insufficient to afford Goldberg the alternative relief he sought at oral argument, namely, that if the Court found a strict construction of the rule appropriate, it be applied prospectively. The *Hollins* court predicated its ruling on the fact that petitioner's counsel's reliance on the "PACER" system was the equivalent of having received "an assurance from the clerk's office." *Hollins*, 191 F.3d at 1328. In this case, counsel received no assurances; rather, counsel was informed of Judge Cristol's practice. It must be assumed that the bankruptcy trustee and his counsel were aware of the existence of a divergent policy by another judge of the Bankruptcy Court for the Southern District of Florida, and of the unanimity of contrary opinions from appellate courts who have faced the issue. In the face of this uncertainty, Goldberg did not undertake any protective action. Having assumed the risk of inaction, the trustee must accept its consequences.

### CONCLUSION

Based on the foregoing considerations, it is

ORDERED AND ADJUDGED that the *Order Granting Motion for Partial Summary Judgment on Trustee's Objection to Debtor's Claimed Exemption and Motion for a Turnover of Pension Funds and for an Accounting Against Defendant, Stephan Jay Lawrence, and Denying Debtor's Motion for Summary Judgment entered on February 2, 1999 by United States Bankruptcy Judge Thomas S. Ut-* schig, sitting by designation in the Southern District of Florida, is hereby VACATED. It is further

ORDERED AND ADJUDGED that this matter is REMANDED to the U.S. Bankruptcy Court for the Southern District of Florida for the entry of a Judgment overruling the trustee's objection to the Debtor's claimed exemption of pension funds and for entry of an Order Directing the Trustee to Turn Over the Pension Funds, together with any interest or investment earnings thereon, to the Standardized Computer Services, Inc. Defined Benefit Pension Plan.