# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

_____

03-6092ND

_____

| | |
|---|---|
| In re: | * |
| | * |
| William A. Klesalek, | * |
| | * |
| Debtor. | * |
| | * |
| Robert Klesalek, successor personal | * |
| representative of the Estate of | * |
| Flora Klesalek, | * |
| | * |
| Plaintiff-Appellant, | * |
| | * |
| and | * |
| | * |
| Darrell Suchy; Connie Thompson, | * |
| f/k/a Connie Suchy; and Richard | * |
| Seeman, | * |
| | * |
| Intervenor Plaintiffs-Appellants, | * |
| | * |
| v. | * |
| | * |
| William A. Klesalek, doing business as | * |
| Klesalek Excavating, | * |
| | * |
| Defendant-Appellee. | * |

Appeal from the United States
Bankruptcy Court for the
District of North Dakota

_____

Submitted:  March 25, 2004
Filed: April 14, 2004

_____

Before KRESSEL, Chief Judge, DREHER, and MAHONEY, Bankruptcy Judges.
_____

DREHER, Bankruptcy Judge.

This is an appeal from an order of the bankruptcy court dismissing Appellants' adversary proceeding on the grounds that Appellants had not commenced an action in a court of competent jurisdiction within 120 days of the date of confirmation of Debtor's Chapter 13 Plan. For the reasons stated below, we reverse.

## FACTS AND PROCEDURAL HISTORY

This case arises out of an interfamily dispute between Debtor, William Klesalek ("Debtor"), and several of his family members, Robert Klesalek, successor and personal representative of the Estate of Flora Klesalek, and Darrell Suchy, Connie Thompson, f/k/a Connie Suchy, and Richard Seeman, Intervening Plaintiffs ("Appellants"). In June 2002, prior to Debtor filing for relief under Chapter 13 of the Bankruptcy Code, Robert, in his representative capacity for the estate of his mother, Flora, had commenced an action in North Dakota State Court against Debtor. The state court complaint alleged that Debtor, while serving as the personal representative of the estate of Flora, had mishandled the estate to the detriment of devisees of the assets of Flora's estate, especially by transferring certain of the estate property to himself. The action sought to impose a constructive trust on the property that had been transferred and that Debtor be held liable to the estate for damages. In December 2002, Darrell, Connie and Richard joined in the state court action as intervening plaintiffs.

On April 7, 2003, Debtor filed his petition for bankruptcy relief and filed his proposed Chapter 13 Plan ("Plan"). Debtor's Plan provided that Class Four B consisted of the disputed and/or unliquidated claims of which Debtor had notice at the time of the filing of the petition and required that such claims would not be

deemed allowed and would receive no distribution under the Plan until the claims were estimated or liquidated. The claims of Robert, as personal Representative of the Estate of Flora Klesalek, Darrel Suchy, Connie Suchy Thompson, and Richard Seeman were included as Class Four B(b), (c), (d) and (e) respectively. As to each, the Plan provided that "[i]f this claimant does not commence proceedings to have a court of competent jurisdiction estimate or liquidate this claim, as provided by law, within 120 days of the confirmation of this [Plan], this claim shall be deemed abandoned and this claimant shall be entitled to no dividend or distribution herein." The order confirming the Plan was docketed on May 22, 2003. Appellants were each served by mail with a copy of the order confirming the Plan and the Plan on May 27, 2003. According to the terms of the confirmed Plan Appellants each had until September 19, 2003, to "commence proceedings to have a court of competent jurisdiction estimate or liquidate" their claims.

On June 5, 2003, Appellants filed a motion for relief from the automatic stay in the bankruptcy court stating that they wished to continue to resolve their claims against Debtor in the state court where a trial date had been set prior to the bankruptcy filing. Debtor opposed the motion, taking the position that he was not ready to try the case. On July 8, 2003, the bankruptcy court issued its order denying the motion for relief from stay, and on that same date the state court administratively closed the state court action without prejudice.

On July 28, 2003, the estate of Flora Klesalek filed a timely proof of claim for an amount to be determined and, on the same date, Appellants filed an adversary complaint with the bankruptcy court in which they made the same claims that they were making in the state court action. They appended to their complaint the complaint in the state court proceedings. Also on that date, the Clerk of Bankruptcy Court issued the summons. Appellants accomplished service by mail on the Chapter 13 Trustee and the United States Trustee on July 25, 2003, and personal service on Debtor's bankruptcy counsel and his state court counsel on August 1, 2003. No

service was made on Debtor. On August 26, Debtor served and filed his answer in the adversary proceeding. In addition to denying the allegations of the complaint, he asserted an affirmative defense that there was improper service because the Appellants had made no service on Debtor.

On September 19, 2003, the date for commencing action passed. On October 7, 2003, Debtor filed a motion to dismiss the adversary proceeding contending that in the absence of personal service on him, the bankruptcy court had no jurisdiction over his person and the case should be dismissed. Debtor reasoned that under Federal Rule of Bankruptcy Procedure 7004(a) a party may serve the summons or complaint either by mail or personally, but either way Debtor must be served. Two days later, apparently realizing that they had not accomplished proper service under the Bankruptcy Rules, Appellants obtained a substitute summons (the first having not been served within 10 days of issuance as required by Bankruptcy Rule 7004(e)). On October 16, 2003 the Appellants served Debtor, Debtor's attorneys, the United States Trustee, and the Chapter 13 Trustee with the substitute summons and the complaint by registered mail and first class mail.

Meanwhile, the bankruptcy court had set the trial of the adversary proceeding for November 25, 2003. On November 18, 2003, Debtor's motion to dismiss for failure to personally serve Debtor came on for hearing. The bankruptcy court denied the motion to dismiss saying that, "[p]roper service was made on October 9, 2003."[1] Debtor then filed another motion to dismiss on November 19. In this motion, Debtor noted that he was properly served, but that such service was not made within 120 days of the order confirming the Plan. In his brief, Debtor argued that knowledge of the pendency of a suit is not enough; there must be actual service under the Rules in

---

[1]The November 18, 2003, order contained a typographical error. The certificate of service indicates that service was actually made on October 16 and it was the summons that was dated October 9, 2003.

order to properly serve a party. Appellants' responsive memorandum argued that commencement of an action occurs when the complaint is filed under Bankruptcy Rule 7003 and the complaint had been filed on July 28, 2003, long before the 120 day time deadline expired.

On November 20, 2003, the bankruptcy court ruled on the second motion to dismiss. The court found that none of the Appellants had commenced proceedings within 120 days as required by the Plan and the order confirming the Plan. The bankruptcy court dismissed the case for lack of jurisdiction. It is this order from which the Appellants appeal.

## STANDARD OF REVIEW

The bankruptcy court's interpretation of a confirmed plan, like the bankruptcy court's interpretation of its own order, is reviewed under the abuse of discretion standard. Gen. Elec. Capital Corp. v. Dial Bus. Forms, Inc. (In re Dial Bus. Forms, Inc.), 341 F.3d 738, 744 (8th Cir. 2003). "A bankruptcy court abuses its discretion if it bases its decision on an erroneous view of the law or clearly erroneous factual findings" or the appellate court "has a definite and firm conviction that the bankruptcy court committed a clear error of judgment in the conclusion it reached based on all the appropriate factors." Williams v. Citifinancial Mortgage Co. (In re Williams), 256 B.R. 885, 891 (B.A.P. 8th Cir. 2001)(citations omitted). The bankruptcy court's interpretation of the Federal Rules of Bankruptcy Procedure and the Federal Rules of Civil Procedure are questions of law that we review *de novo*. *See* Indiana Lumbermens Mut. Ins. Co. v. Timberland Pallet & Lumber Co., 195 F.3d 368, 374 (8th Cir. 1999); Rogers v. Laurain (In re Laurain), 113 F.3d 595, 597 (6th Cir. 1997).

# DECISION

The sole issue on appeal is whether Appellants "commence[d] proceedings to have a court of competent jurisdiction estimate or liquidate this claim, as provided by law, within 120 days of the confirmation of" the Plan. The parties do not dispute that Appellants' adversary proceeding was governed by the Federal Rules of Bankruptcy Procedure, that the bankruptcy court was a court of competent jurisdiction, or that the estimation or liquidation of a claim against the estate is a core proceeding. FED. R. BANKR. P. 7001; 28 U.S.C. §§ 157(b)(2)(B) and 1334.

The dispute here is between Appellants who argue that Bankruptcy Rule 7003(a) makes clear that a case is commenced at the time the complaint is filed with the bankruptcy court, and Debtor who argues that commencement means filing and proper service and that such was not accomplished until several weeks outside the 120 day time frame. FED. R. BANKR. P. 7003(a) and 7004. Essentially, the parties dispute the interpretation to be given to the words of the Plan. This dispute requires us to review both the bankruptcy court's interpretation of the Bankruptcy Rules and its interpretation of the confirmed Plan.

A.    THE PLAIN MEANING OF BANKRUPTCY RULE 7003.

It is a settled principle that unless there is some ambiguity in the language of a Bankruptcy Rule, a court's analysis must end with the Rule's plain meaning. *See,* Laurain, 113 F.3d at 600 (applying plain meaning rule to FED. R. BANKR. P. 4003(b)); *see also* Hillman v. I.R.S., 263 F.3d 338, 342 (4th Cir. 2001)(*citing* Caminetti v. United States, 242 U.S. 470, 485 (1917)). Application of the plain meaning rule to Federal Rule of Civil Procedure 3, made applicable to this case by Bankruptcy Rule 7003, requires us to read the Rule as it is written unless the plain language of the Rule

would result in an absurd result or demonstrably at odds with legislative intent.[2] Sigmon Coal Co. v. Apfel, 226 F.3d 291, 304 (4th Cir. 2000); *see also* Resort Computer v. Sunterra Corp. (In re Sunterra Corp.), 361 F.3d 257 (4th Cir. 2004). Civil Rule 3 states that "[a] civil action is commenced by filing a complaint with the court." FED. R. CIV. P. 3. Civil Rule 4(m), adopted by Bankruptcy Rule 7004(a), provides:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. . . .

FED. R. CIV. P. 4(m).

As the bankruptcy court found in its November 18, 2003, order, Appellants accomplished proper service on Debtor on October 9 (or properly October 16), 2003, well within the 120 day time frame contemplated by Civil Rule 4(m). Therefore, upon *de novo* review, we hold that Appellants properly commenced an adversary proceeding in bankruptcy court within 120 days of confirmation of Debtor's Plan and properly served the summons and complaint within 120 days from commencement. FED. R. BANKR. P. 7003 and 7004(a).

---

[2]The Supreme Court promulgates the Federal Rules of Bankruptcy Procedure so application of the plain meaning must be contrary to the Supreme Court's intent for the plain meaning rule not to apply. *See* 28 U.S.C. § 2075.

B.    THE BANKRUPTCY COURT'S INTERPRETATION OF THE CHAPTER 13 PLAN

In the face of such clear direction in the applicable Bankruptcy Rules and Civil Rules and given the sparse nature of the bankruptcy court's decision, we must also decide whether any reasonable interpretation of the Plan would allow the bankruptcy court to interpret the Plan to contravene the plain meaning of the Rules. We can find none. The Plan merely required Appellants to commence, by whatever means required by applicable court rule, some proceeding in a court of competent jurisdiction. This would not necessarily be the federal bankruptcy court, but nothing in the Plan required Appellants to commence an action in state court.[3]

In addition, we note that Appellants made their intentions perfectly clear to Debtor and took a number of steps which individually or in combination could be properly construed as commencement of an action in a court of competent jurisdiction. First, at the time the Plan was confirmed, Appellants had already commenced an action in state court to liquidate their claims. In the absence of the automatic stay, it would be difficult to argue that the state court was not a court of competent jurisdiction for resolution of the action. In addition, Appellants had

---

[3]North Dakota Rule of Civil Procedure 3 requires that a civil action be commenced by the service of a summons. N.D.R. CIV. P. 3. In bankruptcy court, the state rule would only be applicable if commencement of the case by filing rather than by service would violate a state statute of limitations. Where the plaintiff would otherwise be deprived of a cause of action under state law, a plaintiff cannot resurrect a state law cause of action in federal court. *See* Walker v. Armco Steel Corp., 446 U.S. 740, 751 (1980); Appletree Square I, Ltd. Partnership v. W.R. Grace & Co., 29 F.3d 1283, 1286 (8th Cir. 1994). Those facts, however, do not apply in this case because nothing prevented Appellants from proceeding in state court except the automatic stay. As a result, the Federal Rules of Bankruptcy Procedure and not the North Dakota Civil Rules of Procedure apply to Appellants' adversary proceeding.

moved for relief from stay to do precisely what the order required, liquidate the claim in a court of competent jurisdiction.

While we could speculate that the bankruptcy court was merely construing the Plan as requiring both filing and service within 120 days, this argument would similarly fail. Surely, an appellate court must give due deference to any reasonable construction a trial court gives to its own orders. Nevertheless, here we could not find interpreting commencement to mean both filing and service of the complaint to be reasonable. The applicable procedural rule is clear and unambiguous; as Appellants argued, if Debtor intended commencement to mean anything other than filing of the complaint that intention was well disguised. In addition, as previously noted, Appellants took numerous steps to commence proceedings that would result in a liquidation of their claims. Finally, the bankruptcy court itself had issued an order in which it found that personal service was proper. We think the only reasonable meaning of the Plan language is what the Rules provide: commencement means filing.

ACCORDINGLY, for the reasons noted we reverse the bankruptcy court's order of November 20, 2003, and remand for further proceedings in accordance with this decision.

_____